**Sonny Michael WRAY, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 10S00–8804–CR–372.**

Supreme Court of Indiana.

Dec. 13, 1989.

Charles G. Read, Office of the Public Defender of Clark County, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Murder, for which he received a sentence of fifty (50) years, and Theft, a Class D felony, for which he received a sentence of four (4) years, his sentences to be served concurrently.

The facts are: At approximately 3:30 a.m. on March 15, 1987, Ruby Strange heard a loud pounding on a door. Strange lived in a trailer park and was a neighbor to Bob Bayens and appellant's uncle, with whom appellant was living. The second time she heard the sound she got out of bed and looked out the window. She saw appellant getting into Bayens' car, which was parked next to Bayens' trailer. Appellant then drove Bayens' car to his uncle's trailer, went inside, returned to the car and drove it back to Bayens' trailer. Then Strange saw appellant drive the car out of the trailer park. Approximately twenty minutes later, appellant returned the car to its parking space near Bayens' trailer.

Near noon on March 16, 1987 Strange heard a door slam and saw appellant in Bayens' car. He drove the car in the direction of the school. Later she saw him running down the street away from the school.

Bayens' brother, David Bayens, testified that appellant's uncle called him on March 18, 1987 and told him that Bob Bayens' car had been in the school yard for three days and that the Stranges had called the police. David Bayens and police entered his brother's trailer and found him on the floor, dead. The autopsy revealed that Bayens died from stab wounds to his neck, which the coroner estimated occurred sometime between 6:30 p.m. on March 15, 1987 and 6:30 p.m. on March 16, 1987.

Police found Bayens' car in the school parking lot. Inside the trunk police found some stereo equipment, a hair dryer with

its cord cut, two sets of keys, two checkbooks, and a bloody brown shoe. Police found in a field the shoe's match, which also had blood on it, and bloody socks. The shoes were the same type which appellant stated he had owned but had thrown away because they had torn. The hair dryer cord was found under the body of the victim. One of the checkbooks found in the car was blood-stained. Six checks, which were missing from one of the checkbooks, were found wadded up in Bayens' trailer. One of the checks was written paid to the order of "Mike" for fifty dollars and had Bayens' name as the drawer, but the name was misspelled.

In his statement to police, appellant denied having any knowledge of Bayens' death, but he admitted that he did owe Bayens $50. He also stated that Bob Bayens was a homosexual. A pubic hair found under Bayens' fingernail matched a sample taken from appellant.

■ Appellant argues the trial court should have granted his motion for discharge pursuant to Ind.R.Cr.P. 4(A). Under the rule, appellant's case was to begin on or before September 25, 1987. The State filed a motion for continuance on September 15, 1987, noting that another jury trial was scheduled for the date on which appellant's trial was to begin. Appellant's trial began October 13, 1987.

A trial court may schedule a trial for a day beyond the seventy-day period when the congested nature of its calendar precludes a trial date within the early trial period. *Bradford v. State* (1983), Ind., 453 N.E.2d 250. We find no abuse of trial court discretion.

■ Appellant contends he was prejudiced by the admission of the Stranges' testimony that he was seen driving Bayens' car on March 16. He states that the information alleged he committed the crimes on March 15, 1987, and according to Ind.Code § 35–36–4–2, the prosecutor should have replied to his notice of alibi and included March 16 as a date on which the alleged offenses occurred. He filed a motion in limine which requested that testimony concerning his activities on March 16, 1987 be excluded.

Appellant does not state, nor does the record indicate, whether his motion in limine was granted. Nonetheless, a motion in limine is not a final ruling on the admissibility of evidence, but it prevents the display of prejudicial material to the jury until the trial court has the opportunity to make an evidentiary ruling within the trial context. *Greene v. State* (1987), Ind., 515 N.E.2d 1376. When the Stranges testified about the events of March 16, 1987, appellant made no objection to their testimony. Therefore, the issue has been waived for purposes of appeal. *Id.; Wood v. State* (1987), Ind., 512 N.E.2d 1094.

Appellant argues that the admission into evidence of his statements made to police was reversible error. He first argues that the redactions of the statements caused their meaning to be changed and that the statements revealed his prior criminal history.

The record shows that appellant was asked why he wanted to leave town on Tuesday. He stated that he left because he was afraid of the police. When they asked why he was afraid of them, he stated that it was because he had been harassed so much as a juvenile that he was afraid of and disliked police officers. He also had stated in the conversation, "Well, man, I just got out of the pen." However, these words were redacted from appellant's statement to the police and were not presented to the jury.

■ Generally, evidence of a defendant's prior crimes is highly prejudicial and should not be admitted. *Lewis v. State* (1987), Ind., 511 N.E.2d 1054. In appellant's case, the only reference to his prior convictions was deleted from his statement. We do not believe that the statement which was admitted into evidence was sufficiently specific to amount to evidence of appellant's prior crimes. We find the trial court properly omitted the reference to his prior incarceration, and appellant was not prejudiced by the admission of the redacted statements.

██ Appellant also argues the statements should not have been admitted because they were not made voluntarily. He asserts that he was misled by the Charlestown Police because they implied that they had collected sufficient proof to establish his guilt.

Each statement given by appellant was preceded by a waiver of his rights. He acknowledges in his brief that he maintained his innocence throughout both statements. Because appellant did not incriminate himself, we fail to see how he was prejudiced by the admission of his statements. We find no reversible error. *Wagner v. State* (1985), Ind., 474 N.E.2d 476.

Appellant asserts the trial court abused its discretion in allowing the State to recall a witness.

The record shows that Officer Stevens first was called to testify about the chain of custody of appellant's statements. Later he was called to identify certain exhibits, such as a calendar and slides of the victim's residence. He was recalled again to testify about more slides which depicted, among other things, the location of the Stranges' trailer and appellant's uncle's trailer. He was called for a fourth time for the purpose of testifying that a witness had selected appellant's photograph from an array. At that time, appellant objected on the basis that the State should not have neglected to elicit the testimony from Stevens during his previous testimony. The State explained that they had a mistaken interpretation of the trial court's ruling on another case involving a rule established in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. The State believed they could not question Stevens about what the witness had told him until after that witness had testified. After the trial court took the matter under advisement, Stevens was allowed to testify.

██ The trial court has broad discretion in determining the order of proof and in controlling trial proceedings. *Hubbard v. State* (1987), Ind., 514 N.E.2d 1263; *Pointer v. State* (1986), Ind., 499 N.E.2d 1087. The recall of witnesses to correct or add testimony due to mistake or oversight

is within the sound discretion of the trial court. *Boyd v. State* (1986), Ind., 494 N.E.2d 284. Appellant has not shown prejudice from the trial court's ruling. We find no abuse of trial court discretion in allowing Stevens to testify.

Appellant argues the State failed to establish a sufficient chain of custody of certain exhibits. He complains about State's Exhibit No. 15, the fingernail scrapings taken from the victim's right hand, Exhibit No. 20, the left shoe taken from the trunk of the victim's car, Exhibit No. 21, the matching right shoe found in a field, and Exhibit No. 24, which was several samples of appellant's head and body hair. Appellant complains that the officer who delivered them to the laboratory analyst did not testify about his possession of the exhibits.

██ The chain-of-custody doctrine requires that an adequate foundation be laid which shows the continuous whereabouts of the exhibit beginning with the time it came into the possession of police. *McAnalley v. State* (1987), Ind., 514 N.E.2d 831. The less an exhibit is susceptible to alteration, tampering, substitution or fungibility, the less strictly the chain-of-custody rule is applied. The foundation for introduction of physical evidence, the characteristics of which can be identified by eyewitness identification, is fulfilled when the witness is able to identify the item and the item has relevance to the issues in the case. *Boyd, supra.*

Detective Stevens testified that he was present when Exhibits Nos. 15 and 24 were collected and placed in sealed envelopes. He also was present when the shoes were collected, and all of the exhibits were placed in the Charlestown Police Department lock-up. They remained in his custody until he delivered them to Bob Smith, an evidence technician with the Jefferson County Police Department in Louisville, Kentucky. Luanne Gary, an analyst for the Jefferson Crime Laboratory, testified that the exhibits were sealed when she received them and there was no evidence that they had been tampered with at that time. When she finished analyzing the exhibits, she resealed them and sent them

back to Detective Stevens. At trial, Officer Stevens recognized and identified Exhibits Nos. 15, 20, 21, and 24.

The State must only present evidence which strongly suggests the whereabouts of the exhibits at all times. *Russell v. State* (1986), Ind., 489 N.E.2d 955. We find the chain of custody was sufficiently established and no error occurred in admitting the exhibits.

Appellant argues his conviction must be reversed due to the trial court's erroneous refusal of his tendered instructions. His Proposed Instruction No. 6 stated:

"You must be particularly vigilant where the evidence is supported by the testimony of one eye witness. Testimonial errors may result from imperfect recollection, defective perception, or suggestion.

Such errors have been shown to occur and you must be careful not to cause a miscarriage of justice in such a situation where that testimony is the only testimony of a persons (sic) guilt.

Where the evidence merely tends to support a conclusion of guilt, it is not enough; it must support such a conclusion beyond a reasonable doubt. For you to find otherwise would violate the presumption of innocence."

Only the last paragraph of appellant's Proposed Instruction No. 6 was given.

■ On reviewing the refusal of an instruction, this Court considers: 1) whether the tendered instruction is a correct statement of the law; 2) whether there is evidence to support giving the instruction; and 3) whether the substance of the tendered instruction is covered by other instructions actually given. *Gross v. State* (1987), Ind., 506 N.E.2d 17.

■ The deleted portion of appellant's instruction speaks of only one eyewitness; however, in appellant's case both Mr. and Mrs. Strange testified as to identifying appellant, as did Nancy Smith, the sister of the victim, who testified that she saw appellant driving the victim's car. Because the evidence did not support giving the

instruction, we find the trial court properly modified appellant's Instruction No. 6.

■ Appellant's Proposed Instruction No. 9 stated:

"You have heard evidence in this case concerning hair samples.

The weight to be accorded to such testimony is for the Jury to determine in that it is possible for two specimens of hair to be identical in all perceptible characteristics, and yet not be from the same person."

An instruction directed to the testimony of one witness erroneously invades the province of the jury when it intimates an opinion on the credibility of a witness or the weight to be given to his or her testimony. *Fox v. State* (1986), Ind., 497 N.E.2d 221. Because the above instruction singles out the testimony of the hair sample expert, we find it was properly refused.

■ Appellant's Proposed Instruction No. 10 stated:

"Personal identification evidence is doubtful at best and should be subject to close scrutiny; all testimony of such a nature is subject to extensive cross-examination in order that the jury may properly evaluate its content."

The jury was fully instructed on determining the credibility of the witnesses and that if unreasonable or conflicting testimony arises, they must determine which of the witnesses to believe. Also, they were instructed that they should attempt to reconcile the evidence upon the theory that appellant is innocent and if this can be done, he should be acquitted. We find the substance of appellant's proposed instruction was adequately covered in the general instruction given to the jury. No error occurred in refusing appellant's tendered instructions.

■ Appellant alleges the jury returned a compromise verdict. In his brief, he states that, during their deliberations, the jury informed the court that they had reached a unanimous decision on one count but were deadlocked on the other and it was unlikely that further deliberations could result in a unanimous decision on

both counts. Appellant states the trial court told the jurors to hand in their verdict form, but the form had not yet been marked. Therefore, the jury returned to the jury room. They further deliberated for another thirty (30) minutes and returned a verdict of guilty on both counts. Appellant asserts that the jury failed to follow the instruction of the court and their verdict is defective.

The only evidence of the events appellant describes comes from his brief and the motion to correct error. Appellant makes no citation to the record which would support his contention, nor do we find in the record any indication of a communication between the jury and the trial court or appellant's objection thereto. Bare assertions of error not disclosed by the record are not available for review. *Tabor v. State* (1984), Ind., 461 N.E.2d 118; *Alleyn v. State* (1981), Ind., 427 N.E.2d 1095.

 Appellant argues the trial court abused its discretion in denying his motion for mental and physical examination prior to sentencing. His argument is based upon the fact that his probation officer testified that the tests would be beneficial in determining an appropriate sentence for him.

The ordering of either a physical or mental examination is within the discretion of the trial court. Ind.Code § 35–38–1–10; *King v. State* (1988), Ind., 531 N.E.2d 1154; *Alleyn, supra.* Here, the probation officer testified on recross-examination that she did not find any evidence of mental disease or defect, or severe mental illness or other abnormality in appellant's case. We find no abuse of trial court discretion in denying appellant's motion.

Appellant also states the trial court abused its discretion in aggravating his sentence by ten (10) years. He states that the trial court failed to consider his character and his sentence is manifestly unreasonable.

 When a trial court decreases or increases a sentence due to mitigating or aggravating circumstances, the factors used in making that determination must be listed in the record. *Lewis, supra.* It is for the trial judge to determine the sentencing weight to be given the aggravating or mitigating circumstances. *Hatchett v. State* (1987), Ind., 503 N.E.2d 398.

 In sentencing appellant, the trial court stated that it had considered the provisions of Ind.Code § 35–38–1–7 and found as aggravating factors the nature and circumstances of the crime, appellant's prior criminal record and his character as noted in the presentence investigation report and upon the court's observation of him throughout the trial, that the victim was physically infirm, and that considering appellant's criminal record, the court could not determine that he would not commit another crime. The court also stated that appellant is in need of correctional rehabilitative treatment that can be best provided by his commitment to a penal facility and that the imposition of a reduced sentence in this particular instance would depreciate the seriousness of the murder offense. We find the trial court sufficiently articulated aggravating circumstances which justified his sentence.

 Appellant argues the evidence is insufficient to sustain his convictions. He points out conflicting statements made by the Stranges and argues that their testimony was inherently unbelievable. He concludes the remaining evidence is merely circumstantial and his presence at the scene of the crime is insufficient to support his convictions.

On a claim involving the sufficiency of the evidence, this Court will not reweigh the evidence nor judge the credibility of the witnesses. The uncorroborated testimony of one witness is sufficient to sustain a conviction. *Kremer v. State* (1987), Ind., 514 N.E.2d 1068. Additionally, a conviction may be supported on circumstantial evidence alone. *Rondon v. State* (1989), Ind., 534 N.E.2d 719. Considering the evidence reported in the statement of facts, we find it is sufficient to sustain appellant's convictions.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinion.