William CRAWLEY, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S00–9412–CR–1173.

Supreme Court of Indiana.

March 26, 1997.

David R. Hennessy, Indianapolis, for defendant–appellant.

Pamela Carter, Attorney General, James A. Joven, Deputy Attorney General, Indianapolis, for plaintiff–appellee.

DICKSON, Justice.

William Crawley pled guilty to one count of Murder; one count of Criminal Confinement, a Class B felony; one count of Dealing in a Sawed-off Shotgun, a Class D felony; and one count of Residential Entry, a Class D felony. The plea agreement provided that both Class D felony sentences would be served concurrently with each other and with the Murder and Class B felony sentences. However, the agreement otherwise expressly reserved the rights of both the defendant and the State to argue "to the Court as to the appropriate sentence ... within the full range of possible sentences allowed under the law." Record at 123. He was sentenced to consecutive terms of fifty-five years for Murder and fifteen years for Criminal Confinement, to be served concurrently with concurrent terms of three years for Dealing in a Sawed-off Shotgun and three years for Residential Entry. In this direct appeal, the defendant contends that the trial court erred in imposing enhanced sentences, in ordering consecutive sentences, and in delaying his sentencing.

On September 18, 1993, the defendant purchased a single-shot, twelve-gauge shotgun, sawed off its barrel and stock, and went to the home of Jill Coy. He entered the home without permission, encountered Coy's fourteen year old son and his friends, and demanded to know the whereabouts of Coy. The youngsters fled to a neighbors house to call 911. The defendant went upstairs and confronted Coy in her bedroom, confining her there against her will in an attempt to force her to talk with him. After a short time, the defendant twice fired the shotgun directly at Coy from extremely close range, killing her. He reloaded his weapon between the two shots.

The defendant contends that his enhanced sentences are erroneous because the trial court improperly determined and considered aggravating circumstances, failed to find and apply established mitigating circumstances, and failed to relate the enhanced sentences to any penal purposes to be served. The presumptive forty-year sentence for Murder, with a maximum potential enhancement of twenty additional years, was enhanced to fifty-five years. The presumptive ten-year sentence for Confinement, with a maximum potential enhancement of ten additional years, was enhanced to fifteen years. Both D felonies were enhanced from their presumptive one-and-one-half years to three years.[1]

■ Indiana Code Section 35–38–1–3 requires that, if the trial court imposes a sentence based upon aggravating or mitigating circumstances, its record must include a statement of the court's reasons for the sentence. In order to explain the reasoning and logic underlying its sentence, a sentencing statement should (a) identify all significant mitigating and aggravating circumstances found, (b) specify the facts and reasons which lead the court to find the existence of each such circumstance, and (c) demonstrate that the mitigating and aggravating circum-

---

1. IND.CODE ANN. § 35–50–2–3; IND.CODE ANN. § 35–50–2–5; IND.CODE ANN. § 35–50–2–7 (Michie 1994).

stances have been evaluated and balanced in determining the sentence. *Gregory v. State,* 644 N.E.2d 543, 545 (Ind.1994). *See also Harris v. State,* 659 N.E.2d 522, 527–28 (Ind. 1995); *Hammons v. State,* 493 N.E.2d 1250, 1254 (Ind.1986).

In the present case, the essential portion of the trial court's statement consisted of the following:

> In this case the Court does find that there are certain aggravating circumstances by way of the fact that the crime was committed in the presence of the victim's minor child, which also goes along with the fact that the crime was committed in the presence of other minor children. And the Court would consider that both of those would be aggravating circumstances. Also the Court would consider as aggravating circumstances the fact that two shots were fired, that one was obviously closer at range than the first one, and secondly, the second shot was fired after the victim was down in the prone position. Whether or not she was at that time dead, has probably not, I assume, been established. Also the Court would find as aggravating circumstances the fact that the second shot required that the gun be reloaded in order that it be fired. The Court would also find as aggravating circumstances the fact that there had been previous threats on the life of the victim made by the Defendant. There has been a lot presented by way of mitigation here today. The Court finds that the Defendant did not have a prior felony conviction, and that in fact would be a mitigating circumstance. The Court does find from the evidence that has been presented that there is at least a history of untreated mental disorders, and would consider that to be a mitigating circumstance. In considering whether or not the degree of alcoholism displayed by the Defendant in this matter is indeed a mitigating circumstance, I think in this Court's opinion, it is not. I am not going to go so far as to consider it an aggravating circumstance, although I believe there is plenty reason to believe that when someone has a degree of alcoholism to that extreme and walks out of treatment, and does not follow through, and continues to drink by their own statement because "I'm mad," then that person has indeed taken steps. But the Court is not considering that as an aggravating circumstance. However, the Court is of the opinion that the aggravating circumstances far outweigh the mitigating circumstances in this case.

Record at 622–25.

The defendant claims that it was error to consider the presence of the victim's minor child as a distinct aggravator separate from, and in addition to, the presence of other minors. The defendant emphasizes that the victim's son and acquaintances left the house as the defendant went upstairs, that they heard the shots from next door, and, thus, they were not present at the time of the shooting. The defendant further argues that the trial court's statement is insufficient because it fails to explain why it considered the "presence" of children to be an aggravator. Similarly, he urges that the trial court provided insufficient reasoning in support of finding aggravating circumstances from the fact that the defendant fired twice. He also asserts an absence of evidence for the finding that the second shot was fired after the victim was down in the prone position.

■ We decline to find error in the trial court's statement of aggravating circumstances. As to the presence of children, they were present when the defendant unlawfully entered the home and headed up the stairs armed with a sawed-off shotgun seeking the mother of one of the children. They were sufficiently present to hear two shots from the shotgun. After the defendant left the victim's house, the victim's son and one of his friends immediately returned and went to the upstairs bedroom where they discovered the victim. The trial court did not "double count" nor err in attaching aggravating weight to the defendant's disregard of the proximity of minor children in addition to the victim's son. Likewise, it was permissible to consider the defendant's actions in reloading and firing a second shot into the victim as an aggravating circumstance, regardless of whether one or both of the shots caused the death. The trial court did not err in considering the position of the victim and place-

ment of shots as an aggravating circumstance. The evidence indicated that one of the shots was fired with the muzzle of the shotgun placed in direct contact with the side of the victim's chest whereupon the slug passed through the her lungs and arm, and into the floor with a "straight up and down" trajectory, indicating that she was prone when the shot was fired. Record at 517.

The defendant also contends that the trial court failed to find significant mitigating circumstances established by the evidence. He argues that the judge ignored uncontradicted evidence of Crawley's mental disturbance and intoxication, both of which he urges fall within the statutory mitigator "substantial grounds tending to excuse or justify the crime, though failing to establish a defense," and which allegedly constituted "provocation from within the defendant's own mind," referring to the "acted under strong provocation" mitigator. IND.CODE §§ 35–38–1–7.1(c)(4), (5) (1993).

A failure to find mitigating circumstances that are clearly supported by the record may imply that they were improperly overlooked. *Johnson v. State*, 580 N.E.2d 959, 961 (Ind.1991). However, the sentencing judge is not obligated to credit these factors in the same manner as would the defendant, nor to explain why he or she has chosen not to find mitigating circumstances. *Hammons*, 493 N.E.2d at 1254–55. The court need not list the factors that it finds not to be mitigating. *Allen v. State*, 453 N.E.2d 1011, 1013 (Ind.1983).

We reject the defendant's assertion of error in assessing the evidence of mitigation. The court acknowledged the existence of "at least a history of untreated mental disorders" to be a mitigating factor. Record at 624. It also discussed the defendant's history of alcoholism and explicitly concluded that it was *not* a mitigating factor.

As to the defendant's claim that mitigating consideration should have been given to his intoxication at the time of the offense, the evidence is not uncontradicted. The State's presentence report indicates that:

[A]ll witnesses that saw him at the time of the offense report that he was functioning normally, running and walking in a normal fashion. Crawley was able to operate a car, load and reload a weapon and converse properly. Witness[es], in fact, say that he did not appear in the least bit intoxicated nor did he smell as if he had been drinking.

Record at 259. The trial court did not abuse its discretion by not weighing Crawley's alleged intoxication as a possible mitigator.

The defendant further alleges that the trial court ignored other mitigators: the chances of success in treating his illness; the likelihood that he "would respond affirmatively to a shorter term of imprisonment"; the characterization of the defendant as a sensitive and loving person who is unlikely to commit another crime; and the defendant's acceptance of responsibility by making the guilty plea. Brief of Appellant at 17. We are satisfied that the trial court identified all significant mitigating circumstances. There is no duty on the trial court to make an affirmative finding expressly negating each potentially mitigating circumstance. *Stout v. State*, 528 N.E.2d 476, 481 (Ind.1988).

The defendant's final claim of erroneous enhancement is that the "trial court wholly failed to relate the sentence imposed to the objectives to be served" by the sentence. Brief of Appellant at 18. He urges that the sentencing statement must indicate that the court considered the goal of rehabilitation. We find that the sentencing statement in this case sufficiently demonstrates that the trial court evaluated the mitigating and aggravating circumstances in the determination of the sentence appropriate to this offender and his offenses.

The defendant next contends that the trial court erred in ordering consecutive sentences. While he pled guilty to each of these separate charges and now acknowledges that the convictions of confinement and murder "may survive a double jeopardy multiple punishment or merger analysis," he urges that the confinement in this case "was truly incidental to the murder" and that "the prerogative of the sentencing court to order consecutive sentences was not reliably exercised." Brief of Appellant at 23.

In part, the defendant argues that consecutive sentences are erroneous for the same reasons he claims that the enhancements were improper. Because we have found the enhancements were not erroneous, this argument thus fails to invalidate the consecutive sentences. We likewise decline the defendant's claim that the trial court's sentencing discretion was "not reliably exercised." Brief of Appellant at 23. Within the limits provided by law, the criminal sentencing decision is an exercise of sound judicial discretion. On appeal, a sentence authorized by statute will not be revised unless manifestly unreasonable in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(B)(1). The imposition of consecutive sentences in this case is not manifestly unreasonable.

The defendant claims that the trial court erred in continuing the sentencing hearing over the defendant's objection, thus depriving him of his right to be sentenced within thirty days of the entry of his conviction. *See* IND.CODE § 35–38–1–2 (1993). At the time of the guilty plea, the defendant waived his right to be sentenced within thirty days. Later, when the sentencing date approached, the State requested a continuance, and the defendant then objected. Acknowledging the absence of supporting precedent, the defendant now urges that his objection should be considered a reassertion of his previously-waived right to be sentenced within thirty days, and that this Court should fashion a remedy for such sentence delays. We decline this request.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.