Michael A. **GIBSON** Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 55S05–9807–CR–00386.

Supreme Court of Indiana.

Dec. 7, 1998.

---

1. The current code provisions for Petitions for Correction are unchanged in this respect. *See* IND.CODE § 6–1.1–15–12 (1998).

Brian H. Williams, Martinsville, for Defendant–Appellant.

Jeffrey A. Modisett, Attorney General, James A. Garrard, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice.

The defendant, Michael A. Gibson, was convicted of attempted murder,[1] two counts of conspiracy to commit murder,[2] and burglary.[3] Of the eight issues presented on appeal, the Court of Appeals found one issue dispositive, reversed on that issue, and addressed four other issues likely to be contested upon retrial. *Gibson v. State*, 694 N.E.2d 748 (Ind.Ct.App.1997). We granted transfer to address the issue that the Court of Appeals found compelled reversal. We summarily affirm the other issues resolved by the Court of Appeals, address the remaining issues presented by the defendant on appeal, and affirm the judgment of the trial court.

1. Ind Code § 35–42–1–1 (1993); Ind.Code § 35–41–5–1 (1993).

2. Ind.Code § 35–41–5–2 (1993).

3. Ind.Code § 35–43–2–1 (1993).

4. As to all other issues, the Court of Appeals is summarily affirmed. Ind. Appellate Rule 11(B)(3).

5. As we noted in *Bouye,* a court's responses to inquiries from a deliberating jury are constrained not only by the statute but also by our common

We now address the following claims of trial court error: (1) responding to a jury request for exhibits, during deliberations, without consulting the parties; (2) refusing to admonish the jury following a sustained objection; (3) convicting of attempted murder and burglary, in violation of double jeopardy; and (4) imposing an improper and unreasonable sentence.[4]

### 1. Jury Request During Deliberations

During its deliberations, the jury sent a note to the trial court that asked, "Can we see State's Evidence Exhibits Twelve through Fifteen, Seventeen through Twenty, Twenty–Two through Thirty–Three, Thirty–Four through Forty–One?" Record at 1581. Before consulting the parties, the trial court sent to the jury all of the exhibits admitted during the trial. The defendant claimed that sending the evidence to the jury without consulting the parties violated Indiana Code section 34–1–21–6, and the Court of Appeals reversed on that basis. *Gibson v. State*, 694 N.E.2d 748, 753 (Ind.Ct.App.1998). We disagree.

In *Bouye v. State*, 699 N.E.2d 620 (Ind.1998), this Court, confronted with conflicting interpretations of the statute by various panels of the Court of Appeals, approved the line of cases that held that the statute's protections are only triggered upon an express showing of disagreement among the jurors. *Id.* at 627. A mere request to review evidence does not implicitly show disagreement. *Id.* In the present case, the note constitutes a request to view the evidence, but does not express a disagreement between the members of the jury. Nothing in the record indicates that the jury was in disagreement about the evidence. We find no error under the statute.[5]

law restriction on judicial communications that may exert an extraneous influence upon the deliberations. *Bouye,* 699 N.E.2d at 628. In the present case, the basis of the defendant's claim is his allegation of a statutory violation. Because the common law issue is not presented, we decline to address whether, in general or under particular circumstances, a trial court may affirmatively respond to a deliberating jury's request for exhibits without first consulting the parties.

### 2. Refusal to Admonish the Jury

■ During the trial, the defendant objected to a codefendant's testimony regarding the defendant's possible gang involvement, and the trial court sustained the defendant's objection. The defendant also requested an admonishment, but the trial court refused.

■ Trial court decisions regarding admonishments to the jury are reviewed only for an abuse of discretion. *Ballard v. State,* 438 N.E.2d 707, 709 (Ind.1982). An abuse of discretion exists only where the decision is clearly against the logic and effect of the facts and circumstances. *Joyner v. State,* 678 N.E.2d 386, 390 (Ind.1997). Applying the abuse of discretion standard to the facts of this case, the trial court's decision not to admonish the jury was not clearly against the logic and effect of the facts and circumstances. A contemporaneous admonishment to the jury concerning the excluded evidence may have posed a danger of emphasizing, rather than minimizing, such inadmissible evidence. The trial court had previously instructed the jury in its preliminary instructions not to consider testimony to which an objection was sustained. Given the circumstances of this case, we perceive no abuse of discretion in refusing specifically to admonish the jury not to consider the excluded evidence.

### 3. Double Jeopardy

■ The defendant contends that the trial court's refusal to merge attempted murder with burglary resulting in bodily injury violates double jeopardy. Because he has not separately argued the Indiana Constitution, we will treat his claim only under the federal Double Jeopardy Clause. *See, e.g., Bryant v. State,* 660 N.E.2d 290, 300 n. 21 (Ind.1995), *cert. denied, Indiana v. Bryant,* —— U.S. ——, 117 S.Ct. 293, 136 L.Ed.2d 213 (1996).

■ To review a claim that a defendant was punished twice for the same offense in violation of the federal Double Jeopardy Clause, we look to the statutory elements of the two offenses to determine whether each contains an element that the other does not.

*Games v. State,* 684 N.E.2d 466, 475 (Ind. 1997). Attempted murder requires a substantial step toward a killing, which burglary does not, and burglary requires a breaking and entering, which attempted murder does not. *Compare* IND.CODE § 35–42–1–1 (1993), *and* IND.CODE § 35–41–5–1 (1993), *with* IND. CODE § 35–43–2–1 (1993). Therefore, the defendant's convictions for attempted murder and burglary do not violate the Double Jeopardy Clause.

### 4. Sentencing

The trial court enhanced the defendant's sentence to fifty years of imprisonment for the class A felony of attempted murder. We understand the defendant to make two contentions regarding his sentence: (1) that the trial court relied on three improper aggravating factors in enhancing the defendant's sentence; and (2) that the sentence imposed was manifestly unreasonable given the valid aggravators and mitigators that existed.

■ As to the defendant's first claim, we note that he does not challenge the trial court's use of a prior criminal history as an aggravating factor. Sentencing decisions are reviewed for an abuse of discretion. *Archer v. State,* 689 N.E.2d 678, 683 (Ind.1997). We have consistently held that one aggravator alone is sufficient to warrant an enhanced sentence. *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind.1993). When the trial court improperly applies an aggravator, but other valid aggravating circumstances do exist, a sentence enhancement may still be upheld. *Blanche v. State,* 690 N.E.2d 709, 715 (Ind. 1998). Because a valid unchallenged aggravator remains, and because we find that the trial court did not abuse its discretion to impose the enhanced sentence based on that aggravator, the defendant's claim fails.

■ In support of his second sentencing claim, the defendant cites to *Edgecomb v. State,* 673 N.E.2d 1185, 1199 (Ind.1996), which applied Indiana Appellate Rule 17(B). This rule, implementing our constitutional authority to review and revise sentences, IND. CONST. art. VII, § 4, states that a sentence will only be revised "where such sentence is manifestly unreasonable in light of the na-

ture of the offense and the character of the offender."

The nature of the criminal conduct upon which the convictions were based may be summarized as follows. The defendant and two other men discussed the defendant's desire to kill Elba Davis and his wife, Michelle. The next evening, just after midnight, the three men, each armed with two knives and partially disguised, entered the Davis residence and attacked some of the sleeping occupants. Two of the victims were stabbed, but survived. The defendant's character is reflected in his juvenile and adult criminal history, which includes: prior convictions for resisting law enforcement, burglary, theft, and battery; four episodes of juvenile delinquency; and two separate pending criminal battery charges. Considering the nature of the offense and the character of the offender, we decline to find the sentence manifestly unreasonable.

### Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN and BOEHM, JJ., concur.

SELBY, J., concurs in result.