John R. BACHER, Defendant–
Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 48S00–9804–CR–237.

Supreme Court of Indiana.

Jan. 6, 2000.

John M. Eisele, Anderson, Indiana, Attorney for Appellant.

Jeffrey Modisett, Attorney General, James D. Dimitri, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

DICKSON, Justice

In this direct appeal, the defendant-appellant, John R. Bacher, challenges his sixty-year sentence for the murder[1] of his wife, Janet Odle (Bacher).

After the jury found the defendant guilty of murder, the judge imposed a sentence of sixty years. On direct appeal, this Court affirmed the trial court's conviction but remanded the case to the trial court for a new sentencing hearing because the trial court's sentencing statement contained questionable aggravating circumstances and failed to discuss a proffered mitigating circumstance. *Bacher v.*

---

1. IND.CODE § 35–42–1–1.

*State*, 686 N.E.2d 791, 801–02 (Ind.1997). The trial court conducted a resentencing hearing, finding "sufficient aggravating circumstances to enhance the sentence" and no mitigating circumstances, Record at 79, and reimposed a sentence of sixty years.[2] In this direct appeal, we understand the defendant to present two claims regarding his sentence: (1) that it is manifestly unreasonable; and (2) that the trial court abused its discretion.

■ The defendant first contends that the maximum sentence of sixty years is manifestly unreasonable. Upon appellate review, a sentence may be revised if found to be manifestly unreasonable "in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 17(B). Because this identical claim, involving the same offender, offense, and sentence, was presented and rejected in the defendant's first appeal, *Bacher*, 686 N.E.2d at 801, we decline to reconsider it here.

Second, the defendant claims that the trial court abused its discretion by failing to follow this Court's directions when it once again imposed the maximum sentence of sixty years.[3] The "improper" aggravating circumstances that the defendant identifies relate to the impact of the murder upon the victim's family: despair and grief suffered by the victim's family, financial obligations placed on the victim's family, the defendant's abuse, deceit, and breach of the trust between the victim and her mother, the defendant's actions and misrepresentations about his financial affairs and past employment endeavors so that the defendant could cultivate a relationship with the victim, the defendant's

breach of the trust in his marital relationship, and the defendant's lack of remorse.

■ Determining the appropriate sentence is within the trial court's discretion, and the trial court will be reversed only upon a showing of manifest abuse of discretion. *Archer v. State*, 689 N.E.2d 678, 683 (Ind.1997); *Carter v. State*, 686 N.E.2d 1254, 1263 (Ind.1997). The trial court has within its discretion the ability to determine whether the presumptive sentence for a crime will be increased or decreased because of aggravating or mitigating circumstances. *Archer*, 689 N.E.2d at 683. The weighing of aggravating and mitigating factors is also within the trial court's discretion. *Carter*, 686 N.E.2d at 1263. When a trial court enhances a presumptive sentence, it must state its reasons for doing so, identifying all significant aggravating and mitigating factors; stating the facts and reasons that lead the court to find the existence of each such circumstance; and demonstrating that the court has evaluated and balanced the aggravating and mitigating factors in determining the sentence. *Crawley v. State*, 677 N.E.2d 520, 521–22 (Ind.1997); *Morgan v. State*, 675 N.E.2d 1067, 1073 (Ind. 1996). The trial court must state these reasons in order to guard against arbitrary sentences and to provide an adequate basis for appellate review. *Morgan*, 675 N.E.2d at 1074.

■ In enhancing the presumptive sentence by twenty years, the sentencing court, in its sentencing order, identified several aggravating circumstances: the emotional and financial impact of the mur-

**2.** At the time of the murder, our legislature prescribed a presumptive sentence of forty years for a person who commits murder. IND. CODE § 35–50–2–3(a) (1993). This sentence could be enhanced with no more than twenty years for aggravating circumstances and reduced no more than ten years for mitigating circumstances. *Id.*

**3.** In the first appeal, we remanded for a new sentencing hearing after noting our concerns

about "the aggravating circumstances and the fact that the trial court failed to discuss the proffered mitigating circumstances of lack of prior history of criminal conduct" and observed that the sentence "contains the maximum enhancement permitted by law and should, therefore, be reserved for the very worst offenses and offenders." *Bacher*, 686 N.E.2d at 802.

der upon the victim's family, the defendant's abuse of his relationship with the victim's mother to establish a relationship with the victim, the defendant's character,[4] the defendant's violation of the trust in his relationship with the victim,[5] and the defendant's lack of remorse.[6]

 Regarding a sentencing court's use of impact upon the victim's family as an aggravating circumstance, our earlier decision in this case instructed:

> [U]nder normal circumstances the impact upon family is not an aggravating circumstance for purposes of sentencing. The impact on others may qualify as an aggravator in certain cases but "the defendant's actions must have had an impact on ... 'other persons' of a destructive nature that is not normally associated with the commission of the offense in question and this impact must be foreseeable to the defendant."

We appreciate the terrible loss of a loved one. But because such impact on family members accompanies almost every murder, we believe it is encompassed within the range of impact which the presumptive sentence is designed to punish. In the present case, nothing in the trial court's statement at sentencing suggests that the impact on the victim's children and parents is of the type so distinct so as to rise to the level of an aggravating circumstance.

*Bacher*, 686 N.E.2d at 801 (citations omitted).

In the sentencing hearing conducted upon remand, the trial court acknowledged our instruction:

> The Supreme Court noted that in the present case nothing in the trial court statement at sentencing should suggest the impact of the victim's children and parents is of the type so distinct as to rise to the level of an aggravating cir-

---

**4.** The court found that "the actions and behavior of the defendant represented a personality and character bent towards evil and misrepresentation." Record at 111. The court also characterized the defendant's actions as "deceitful and dishonest" and noted that the defendant's actions show "that he is not capable of fulfilling a relationship with trust and confidence placed in him by others." Record at 110. Considering the evidence of lies and misrepresentations, the court concluded that the defendant "shows a personality character of the type of person this society needs to be protected from." Record at 111. The defendant's character is a valid aggravating factor. *See Cooper v. State*, 687 N.E.2d 350, 354 (Ind. 1997) (noting that the Indiana Code § 35–38–1–7.1(a)(3)(B) requires the sentencing court to consider the defendant's character in making its determination and recognizing character as an aggravating factor) (citing *Wray v. State*, 547 N.E.2d 1062, 1068 (Ind.1989)).

**5.** The sentencing court stated that "[t]his crime was particularly heinous in the fact that [the defendant] used the trust of the marital relationship to put himself in position ... once the victim in this case found out that the defendant was not in fact the person she thought he was, became suspicious and distrustful. The defendant reacted in such a way ... in a way of killing her." Record at 111–12. Being in a "position of trust" with the victim is a valid aggravating circumstance. *See Edgecomb v. State*, 673 N.E.2d 1185, 1198

(Ind.1996) (noting that being a "neighbor" who occasionally borrowed things from and casually conversed with the victim, while encompassing a higher degree of societal relationship and philial responsibility, is not a "position of trust" warranting consideration as an aggravating circumstance) (citing *Wesby v. State*, 535 N.E.2d 133 (Ind.1989) (affirming a trial court's use as an aggravating factor the fact that a "position of trust" existed between the defendant and the victim where the defendant was convicted of robbing and murdering a woman who had known the defendant since childhood, as she had formerly been the girlfriend of the defendant's father)); *Martin v. State*, 535 N.E.2d 493 (Ind.1989) (affirming a trial court's finding of a "position of trust" where the defendant, a live-in boyfriend, beat his girlfriend's son to death while babysitting).

**6.** The sentencing court stated, "[The defendant] was very cavalier about the process, he showed lack of remorse, and the Court also finds that that is an aggravated circumstance in this case." Record at 112. This Court has held that a sentencing court may consider as a modest aggravating circumstance the fact that a defendant lacks remorse and insists upon his innocence. *See Bacher*, 686 N.E.2d at 801; *Owens v. State*, 544 N.E.2d 1375, 1379 (Ind.1989).

cumstance. This sentencing hearing here today, once again the daughter and mother of the victim had testified and the daughter, through a letter from her brother, also indicates continuing despair and grief on the part of the family. This murder had affected this family far beyond the sentencing, the first ... sentencing in this case. The Court also noted that in the pre-sentence report that there was certain financial obligations that were placed upon the family because of the demise of the victim in this case that had to be fulfilled by members of the family because of the death. And this has also created not only an emotional impact on the family, but a financial burden. So, [the sentencing court] finds that in this particular case that [the sentencing] Court is justified in finding that the impact on the family members is an aggravated circumstance. ...

Record at 108–09. The sentencing court also found significant the way in which "the defendant made contact with the family" and "used his friendship with the mother to develop a friendship with the victim." Record at 109. In its ruling, the court stated that the defendant "abused his relationship with the victim's mother to establish a relationship with the victim, which is also deceitful and dishonest, which ... placed a greater burden upon the mother in this case because she feels as though she's also victimized not only by a loss of a daughter, but by her friendship and trust and reliability in this case." Record 109–10.

■ We are not convinced that the trial court's statement at sentencing demonstrates that "the impact on the victim's children and parents is of the type so distinct so as to rise to the level of an aggravating circumstance." *See Bacher*, 686 N.E.2d at 801. Nevertheless, even if the sentencing court in this case improperly used victim family impact as an aggravating circumstance, the sentencing court did find at least one valid aggravating

factor. A single aggravating circumstance is adequate to justify a sentence enhancement. *Gibson v. State*, 702 N.E.2d 707, 710 (Ind.1998); *Williams v. State*, 690 N.E.2d 162, 172 (Ind.1997). When a sentencing court improperly applies an aggravating circumstance, but other valid aggravating circumstances do exist, a sentence enhancement may still be upheld. *Gibson*, 702 N.E.2d at 710; *Blanche v. State*, 690 N.E.2d 709, 715 (Ind.1998).

■ Relying upon Indiana Code section 35–38–1–7.1(c)(6), the defendant contends that he has led a law-abiding life since 1972 and therefore that the court should have found mitigating circumstances. In making this claim, the defendant asserts that the trial court incorrectly applied, as a criminal history, "three instances of involvement with the criminal justice system to find that there were no mitigating circumstances in this case," Brief of Appellant at 6, and that "[t]he trial court has disregarded facts that would tend to mitigate this sentence," *id.* at 9 (citing *Widener v. State*, 659 N.E.2d 529, 534 (Ind.1995)). In reviewing the defendant's criminal history, the court noted:

In regards to the mitigated circumstance of prior criminal history, ... [t]he defendant does have prior criminal history, although it is ... I think the pre-sentence report only communicates two incidents with the criminal justice system, one being an AWOL from the Army in 1972, speeding in 1988, and Public Intoxication in 1991. The Court finds that AWOL is very serious. Once again the defendant has shown that he is not capable of fulfilling a relationship with trust and confidence placed in him by others. In the AWOL, the United States Government placed trust and confidence in Mr. Bacher by saying that you can become a member of the military. He reflected his attitude on this gift by the United States Government by becoming AWOL. It's similar to the relationship he developed here with the victim in this case. Developing a rela-

tionship in which he really had no intentions of fulfilling the duties and obligations of marriage, marriage present. So, the Court find[s] that there are no mitigating circumstances in this case.

Record at 110–11. The defendant contends that these findings of a prior criminal history "are not supported by the record." Brief of Appellant at 8. Regarding the AWOL incident, the defendant argues that the incident occurred in 1972 and was handled internally by the Army and that the defendant continued to serve in the Army, receiving an honorable discharge in 1983. Regarding the public intoxication incident, the defendant argues that this charge has not been reduced to a conviction.

A sentencing court may consider as a mitigating circumstance that the defendant "has no history of delinquency or criminal activity or the person has led a law-abiding life for a substantial period before commission of the crime." IND. CODE § 35–38–1–7.1(c)(6). Although a sentencing court must consider all evidence of mitigating circumstances offered by the defendant, the finding of a mitigating factor rests within the court's discretion. *Harris v. State,* 659 N.E.2d 522, 528 (Ind. 1995) (citing *Aguirre v. State,* 552 N.E.2d 473, 476 (Ind.1990)). "A court does not err in failing to find mitigation when a mitigation claim is 'highly disputable in nature, weight, or significance.' " *Smith v. State,* 670 N.E.2d 7, 8 (Ind.1996) (quoting *Wilkins v. State,* 500 N.E.2d 747, 749 (Ind. 1986)). This Court has held that "allegations of prior criminal activity need not be reduced to conviction in order to be considered a proper aggravating factor." *Beason v. State,* 690 N.E.2d 277, 281 (Ind. 1998) (citing *Tunstill v. State,* 568 N.E.2d 539, 545 (Ind.1991) (noting that a sentencing court may properly consider as an aggravating factor prior arrests and pending charges not reduced to convictions because they reflect the defendant's character and indicate a risk of future crime)). While a failure to find mitigating circum-

stances clearly supported by the record may imply that the sentencing court improperly overlooked them, the court is obligated neither to credit mitigating circumstances in the same manner as would the defendant, nor to explain why he or she has chosen not to find mitigating circumstance. *Crawley,* 677 N.E.2d at 523 (citing *Johnson v. State,* 580 N.E.2d 959, 961 (Ind. 1991); *Hammons v. State,* 493 N.E.2d 1250, 1254–55 (Ind.1986)).

The sentencing court may determine within its sound discretion that the three incidents constitute a criminal history. In so finding, the sentencing court rejected the defendant's argument that he had led a law-abiding life since 1972. Thus, the court did not abuse its discretion in finding that no mitigating circumstances existed.

In this case, even if the sentencing court improperly considered impact on the victim's family as an aggravating circumstance, the sentencing court found at least one valid aggravating factor and no mitigating factors. Because a single valid aggravating factor is adequate to justify a sentence enhancement, the sentencing court did not abuse its discretion in enhancing the defendant's sentence.

The defendant's sentence of sixty years is affirmed.

SHEPARD, C.J., and BOEHM, J., concur. RUCKER, J., dissents with separate opinion in which SULLIVAN, J., concurs.

RUCKER, Justice, dissenting

I respectfully dissent. I am not persuaded the nature of the offense and the character of the offender justify the maximum sentence in this case. I would remand with instructions that the trial court impose a sentence of fifty (50) years.

SULLIVAN, J., concurs.