## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Sep 24 2015, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Bruce W. Graham
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Keith Rich,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

September 24, 2015

Court of Appeals Case No.
79A04-1502-CR-49

Appeal from the Tippecanoe
Superior Court

The Honorable Steven P. Meyer,
Judge

Trial Court Cause Nos.
79D02-1406-FB-13
79D02-0608-FB-54

**Bailey, Judge.**

# Case Summary

In this consolidated appeal, Keith Rich ("Rich") appeals the sentence imposed following his plea of guilty to Arson[1] and Burglary,[2] Class B felonies, and the probation revocation sanction requiring that he serve four previously-suspended years of a sentence for a prior burglary conviction. We affirm.

# Issues

Rich presents three issues for review:

I.   Whether the trial court abused its sentencing discretion by recognizing an improper aggravator when imposing the aggregate sentence for Arson and Burglary;

II.  Whether the twenty-year aggregate sentence for Arson and Burglary, consisting of concurrent advisory sentences, one enhanced by ten years due to Rich's status as a habitual offender, is inappropriate; and

III. Whether the trial court erred when imposing a sanction for Rich's probation violation.

# Facts and Procedural History

---

[1] Ind. Code § 35-43-1-1. The Indiana Criminal Code has been substantially revised, effective July 1, 2014. At all times, we refer to the version of applicable statutes in effect at the time of Rich's crimes.

[2] I.C. § 35-43-2-1.

[3] On June 12, 2014, Rich forced open the front door of a Fort Wayne residence and took items of personal property. He then set a fire inside the residence. On June 18, 2014, the State charged Rich with Arson, Burglary, and Theft.[3]

[4] On June 24, 2014, the State filed a petition to revoke Rich's probation in another burglary case, Cause No. 79D02-0608-FB-54 ("FB-54"). Rich and the State entered into a plea agreement whereby Rich would plead guilty to Burglary and Arson, and he would admit to being a habitual offender and to violating his probation in FB-54. The agreement capped Rich's aggregate sentence at twenty-six years, with a minimum of eighteen years, all executed. The trial court accepted the plea agreement and dismissed the Theft charge.

[5] In a consolidated sentencing and probation revocation hearing conducted on January 7, 2015, the trial court imposed upon Rich a ten-year sentence for Arson, enhanced by ten years due to Rich's status as a habitual offender. Rich was given a concurrent ten-year sentence for Burglary. In FB-54, Rich's probation was revoked and he was ordered to serve as executed time four years previously suspended to probation. This appeal ensued.

# Discussion and Decision

---

[3] I.C. § 35-43-4-2.

## *Abuse of Discretion - Aggravator*

[6]     Indiana Code Section 35-50-2-5 provides that a person convicted of a Class B felony faces a sentencing range of six to twenty years, with the advisory sentence being ten years. Rich received the advisory sentence for each of his Class B felony convictions. The Arson sentence was enhanced by ten years, due to Rich's status as a habitual offender. I.C. § 35-50-2-8. The aggregate twenty-year sentence was within the parameters of the plea agreement, as well as the applicable statutory range.

[7]     "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. *Id.* at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Id.* at 491.

[8]     The trial court's reasons must be supported by the record and must not be improper as a matter of law. *Id.* However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. *Id.* A trial court abuses its discretion if its reasons for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Hollin v. State*, 877 N.E.2d 462, 464 (Ind. 2007).

Here, the trial court found Rich's youth, guilty plea, offer of restitution, and remorse to be mitigating factors. With respect to aggravators, the trial court stated:

> The aggravating factors are the Defendant's criminal history including prior burglary conviction. The fact that he was on probation and on bond when this crime was committed and that the Defendant attempted to conceal his crime by setting the fire that was involved in the arson.

(Tr. at 23.) According to Rich, the trial court abused its sentencing discretion by considering a material element of the charged crime of Arson as an aggravator.

The State responds that we need not disregard the challenged aggravator, arguing that the trial court simply recognized Rich's motive for Arson, his desire to cover up another crime. Generally, the nature and circumstances of a crime may properly be considered to be an aggravator. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). Nonetheless, even if a trial court has relied upon an improper factor as an aggravating circumstance, the sentence may be upheld so long as other valid aggravating circumstances exist. *Bacher v. State*, 722 N.E.2d 799, 803 (Ind. 2000). Here, other valid aggravators exist. Rich, who has a criminal history and violated his probation, received an advisory sentence prior to enhancement. He has not demonstrated that the trial court abused its sentencing discretion.

## *Appropriateness of Sentence*

[11] Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The principal role of such review is to attempt to leaven the outliers. *Id.* at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review.'" *Anglemyer*, 868 N.E.2d at 494 (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[12] As for the nature of the offenses, Rich broke into a residence and took property from inside the residence. In an attempt to cover up the Burglary, Rich set a fire. The fire caused significant structural damage.

[13] As to the character of the offender, Rich has prior felony convictions for Intimidation and Burglary, and misdemeanor convictions for Possession of Marijuana and Operating a Vehicle Without a License. He was on probation at the time he committed the present offenses.

[14] Having reviewed the matter, we conclude that the trial court did not impose an inappropriate sentence under Appellate Rule 7(B), and the sentence does not

warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

## *Sanction for Probation Violation*

[15] Finally, Rich claims that the order reinstating four years of his sentence in FB-54 is excessive in light of the evidence of mitigating circumstances.

[16] A defendant is not entitled to serve a sentence in either probation or a community corrections program. *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). Rather, such placement is a "matter of grace" and a "conditional liberty that is a favor, not a right." *Million v. State*, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995).

[17] Probation may be revoked for violation of a probation condition. *Runyon v. State*, 939 N.E.2d 613, 616 (Ind. 2010). Indiana Code Section 35-38-2-1(b) provides in relevant part: "[i]f the person commits an additional crime, the court may revoke the probation." The State must prove the violation by a preponderance of the evidence. *Runyon*, 939 N.E.2d at 616. If a defendant violates the conditions of his probation, the court may impose the following sanctions after conducting a hearing:

> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I. C. § 35-38-2-3(h).  Rich admitted that he violated his probation by committing new crimes.  The trial court was authorized by statute to impose the sanction selected.

[18]  Probation serves as an alternative to commitment to the Department of Correction, at the sole discretion of the trial court.  *Monroe*, 899 N.E.2d at 688.  Accordingly, we do not undertake to "revise" a reinstated sentence even where mitigating circumstances exist.  In the context of probation revocation, our supreme court has determined that the Indiana Appellate Rule 7(B) standard for revision of inappropriate sentences "is not the correct standard to apply when reviewing a trial court's actions" because the action "is not a criminal sentence as contemplated by the rule."  *Jones v. State*, 885 N.E.2d 1286, 1290 (Ind. 2008).  Rich has not demonstrated error in the trial court's imposition of the maximum sanction for Rich's probation violation.

## Conclusion

[19]  Rich has not shown that the trial court abused its sentencing discretion.  The aggregate sentence imposed for Arson and Burglary is not inappropriate.  We find no error in the trial court's imposition of a probation revocation sanction authorized by statute.

[20]  Affirmed.

Baker, J., and Mathias, J., concur.