## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 16 2016, 9:42 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Steven Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sheila Taylor,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | May 16, 2016<br><br>Court of Appeals Case No.<br>51A04-1509-CR-1376<br><br>Appeal from the Martin Circuit Court<br><br>The Honorable Lynne Ellis, Judge<br><br>Trial Court Cause No.<br>51C01-1501-F4-12 |

**Bailey, Judge.**

# Case Summary

Sheila Taylor appeals her six year sentence for conspiracy to commit dealing in methamphetamines.[1]  We affirm.

# Issues

Taylor presents two issues for review:

    I.      Whether the trial court abused its discretion in sentencing; and

    II.      Whether Taylor's six year sentence is inappropriate.

# Facts and Procedural History

Taylor pled guilty to one count of conspiracy to commit dealing in methamphetamines, a Level 4 felony.  Pursuant to her plea agreement, Taylor's sentence was capped at the advisory sentence of six years.[2]  At the sentencing hearing, Taylor offered her own unsworn statement and testimony from five witnesses to emphasize her efforts toward rehabilitation and also the effect incarceration would have on her nine-year-old son.  The trial court found

---

[1] Ind. Code §§ 35-48-4-1.1, 35-41-5-2.

[2] I.C. § 35-50-2-5.5.

Taylor's history and commission of crime while on probation to be aggravating factors, and imposed the advisory sentence. Taylor appealed.

# Discussion and Decision

## Abuse of Discretion

[4] In the sentencing hearing, Taylor's counsel argued for leniency because of Taylor's cooperation with court orders and being "on track for rehabilitation," as well as the effect Taylor's incarceration would have upon her son. (Tr. 81-82.) Taylor now claims that the trial court abused its discretion by failing to specifically recognize these circumstances and her guilty plea as mitigators.

[5] "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *decision clarified on reh'g* 875 N.E.2d 218. Abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* Where the court has imposed an advisory sentence, the defendant has a "particularly heavy burden" to prove such an abuse of discretion. *Golden v. State*, 862 N.E.2d 1212, 1216 (Ind. Ct. App. 2007), *trans. denied.* One way a court can abuse its discretion is to omit a mitigating factor advanced by the defense when the mitigating factor is both significant and clearly supported by the record. *Crawley v. State,* 677 N.E.2d 520, 523 (Ind. 1997); *Anglemyer*, 868 N.E.2d at 490-91. However, the trial court is

not required to explain why it has declined to recognize a particular factor as mitigating. *Id.* at 493.

[6] Taylor did not establish that the effect of her incarceration on her son would be disproportionate in comparison to children of other incarcerated parents. Thus the court did not abuse its discretion by refusing to find hardship to Taylor's son to be a significant mitigating circumstance. *See Weaver v. State*, 845 N.E.2d 1066, 1074 (Ind. Ct. App. 2006), *trans. denied*.

[7] As for Taylor's compliance with court orders and post-arrest rehabilitation efforts, the evidence was conflicting. While Taylor participated in some treatment programs after her arrest, she did not complete the mandatory relapse prevention classes.

[8] Taylor pled guilty, for which she received a significant benefit. Two other charges were dismissed and her sentence was capped at the advisory sentence. Taylor's decision to plead guilty may properly be considered a pragmatic decision as opposed to a mitigating factor. *See Anglemyer*, 875 N.E.2d at 220-21.

[9] The sentence imposed was neither unlawful nor outside of the statutory range, and the trial court did not refuse to recognize a clearly advanced and significant mitigating circumstance. We do not find any abuse of discretion.

# Inappropriateness of Sentence

[10] Taylor asserts that her six year sentence is inappropriate and deserves revision. We disagree.

[11] The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences was implemented by the Indiana Supreme Court through Appellate Rule 7(B). We may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). The primary purpose in this type of review is to "leaven the outliers" and focus on the aggregate sentence for the crime(s) committed. *Caldwell v. State,* 895 N.E.2d 1219, 1125 (Ind. 2008). The appellant bears the burden of "persuad[ing] the appellate court that his or her sentence has met this inappropriateness standard of review." *Kimbrough v. State*, 979 N.E.2d 625, 630 (Ind. 2012) (quoting *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006)).

[12] The nature of the offense is that Taylor conspired to deal methamphetamine, in an amount of one to five grams. There are no significant facts in the record that would lead us to depart from the advisory sentence.

[13] As to Taylor's character, she has eight criminal convictions and one juvenile adjudication. Her record includes convictions for: criminal mischief, drunk driving, public intoxication, disorderly conduct, intimidation, and conversion. She was also convicted of forgery, a class C felony, in January 2013. One year

of this forgery sentence was suspended and Taylor was ordered to serve the balance through an adult day reporting program. Despite this leniency, however, Taylor committed the present offense while serving her day reporting sentence. Taylor's charges and convictions show an escalating pattern of criminal behavior. Taylor's advisory sentence is not inappropriate in light of the nature of the offense and her character.

# Conclusion

[14] The trial court did not abuse its discretion and the sentence is not inappropriate.

[15] Affirmed.

Bradford, J., and Altice, J., concur.