## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 03 2015, 8:49 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

**APPELLANT PRO SE**

Fabian Gomez
Carlisle, Indiana

**ATTORNEYS FOR APPELLEE**

Gregory F. Zoeller
Attorney General of Indiana

Cynthia L. Ploughe
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Fabian Gomez,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

February 3, 2015

Court of Appeals Cause No.
45A03-1405-PC-145

Appeal from the Lake Superior Court.
The Honorable Samuel L. Cappas, Judge.
The Honorable Natalie Bokota, Magistrate.
Cause No. 45G04-1003-PC-5

**Baker, Judge.**

[1] Fabian Gomez appeals the denial of his petition for post-conviction relief. He argues that the trial court considered an improper aggravating factor during his sentencing and contends that his appellate counsel was ineffective for failing to argue that the same sentencing factor was improper on direct appeal. Finding that Gomez failed to show that appellate counsel was ineffective because there was no error in sentencing, we affirm.

# Facts

[2] The facts underlying this case are as follows:

> On December 28, 2006, Gomez shot his girlfriend, Jennifer Montejano, in the face during an argument inside their apartment in East Chicago, Indiana. Gomez called the police, and the responding officer found Jennifer lying on the floor of the apartment with blood on her face. The officer observed that Jennifer was still alive, but was having difficulty breathing, and that it sounded like "she was drowning in her own blood." Jury Trial Tr. at 224. The paramedics arrived and transported Jennifer to the hospital. She had a gunshot wound to the bridge of her nose and was in critical condition. Jennifer was admitted into the hospital and died on January 7, 2007. An autopsy was performed and revealed that the cause of death was a gunshot wound to the face.

*Gomez v. State*, 907 N.E.2d 607, 609 (Ind. Ct. App. 2009). On December 29, 2006, the State charged Gomez with aggravated Class B felony battery, Class C felony battery, and Class C felony criminal recklessness. On September 28, 2007, the trial court allowed the State to amend the charging information; a count of murder was added.

[3] On July 31, 2008, a jury convicted Gomez of class A felony voluntary manslaughter, class B felony aggravated battery, class C felony aggravated battery, and class C felony criminal recklessness. The trial court entered judgment on only the voluntary manslaughter conviction. During sentencing, the trial court considered the fact that Gomez had committed the crime in front of minor children as an aggravator and also considered the facts and circumstances surrounding the crime as an aggravator. It sentenced Gomez to forty years imprisonment at the Department of Correction.

[4] In his direct appeal, Gomez argued that the trial court had improperly allowed the State to amend the charging information and maintained that the State had not presented sufficient evidence to support his voluntary manslaughter conviction. This Court affirmed his conviction. *Gomez*, 907 N.E.2d at 608. Gomez filed his petition for post-conviction relief on March 22, 2010, but it was withdrawn on July 30, 2010. It was reactivated on August 28, 2013, and the post-conviction court held a hearing on the petition on November 25, 2013. The post-conviction court denied Gomez's petition, issuing its findings of fact and conclusions of law on April 24, 2014. Gomez now appeals.

## Discussion and Decision

[5] Gomez argues that the post-conviction court erred in denying his petition for post-conviction relief because his appellate counsel was ineffective for failing to argue that the trial court considered an improper aggravating factor during sentencing. Post-conviction proceedings are not "super appeals" through which

convicted persons can raise issues they failed to raise at trial or on direct appeal. *Turner v. State*, 974 N.E.2d 575, 581 (Ind. Ct. App. 2012), *trans. denied*. Rather, post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). A post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id.* at 643-44.

[6] Where, as here, the post-conviction court makes findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we cannot affirm the judgment on any legal basis, but rather, must determine if the court's findings are sufficient to support its judgment. *Graham v. State*, 941 N.E.2d 1091, 1096 (Ind. Ct. App. 2011). We will not reweigh the evidence or judge the credibility of witnesses, and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

[7] Gomez contends that his appellate counsel failed to provide effective assistance of counsel. He maintains that his appellate counsel should have argued that the trial court considered an improper aggravating factor—that his crime was committed in the presence of minor children—on direct appeal. Ineffective assistance of appellate counsel claims generally fall into three categories: 1)

denial of access to an appeal; 2) waiver of issues; and 3) failing to present issues well. *Henley v. State*, 881 N.E.2d 639, 644 (Ind. 2008). The standard for evaluating claims of ineffective assistance of counsel at the appellate level is the same two-prong *Strickland* standard used for trial counsel. *Strickland v. Washington,* 466 U.S. 668 (1984); *Allen v. State*, 749 N.E.2d 1158, 1166–67 (Ind. 2001). Therefore, Robertson must prove that appellate counsel performed deficiently and that he was prejudiced as a result. *Id.*

[8] Gomez's ineffective assistance of counsel argument is based on his contention that the trial court improperly considered the fact that he committed a crime in front of minor children as an aggravating factor.[1] He argues that, since the trial court determined that his mental condition precluded awareness that he was on probation and did not use the fact that he was on probation at the time of the offense as an aggravating factor, the trial court could not then use the fact that children were present as an aggravating factor. Gomez maintains that if his mental condition precluded his awareness that he was on probation, then he could not have been aware that there were minor children present.[2]

---

[1] Gomez also argues that the post-conviction court incorrectly determined that he had waived his argument regarding improper sentencing when he did not argue it upon direct appeal. We note that the post-conviction court correctly determined that Gomez's sentencing argument was waived. Where an argument was available to the defendant on direct appeal, but was not pursued, it is waived for post-conviction review. *Schiro v. State*, 533 N.E.2d 1201, 1204 (Ind. 1989). However, we reach the merits of Gomez's sentencing argument during our discussion of his argument regarding ineffective assistance of appellate counsel.

[2] Gomez also makes a confusing argument involving *Duncan v. State*, 857 N.E.2d 955 (Ind. 2006). He seems to argue that *Blakely v. Washington*, 542 U.S. 296 (2004) applies to his sentence as it applied to Duncan's. To

[9] We first note that a trial court may properly consider the fact that a crime of violence was committed in front of minor children as an aggravating factor. Indiana Code section 35-38-1-7.1 explicitly states that a trial court may consider as an aggravating circumstance that the person 1) committed a crime of violence as defined by Indiana Code section 35-50-1-2 and 2) knowingly committed that crime in the presence or within the hearing of an individual who was less than eighteen at the time the person committed the offense. Moreover, our Supreme Court has held that the commission of a crime in the presence of minor children may be considered an aggravating circumstance. *Crawley v. State*, 677 N.E.2d 520, 522 (Ind. 1997).

[10] Furthermore, we agree with the post-conviction court's determination that the trial court's finding that Gomez's mental condition precluded awareness that he was on probation does not imply that he could not have been aware that he was committing a crime in front of minor children. As the post-conviction court stated:

> [T]he fact that one is on probation is profoundly different from the fact that two toddlers are present when one obtains a gun and shoots their mother in the face. A person might reasonably argue that the former

the extent that Gomez argues that *Blakely* applies to his sentence, he is mistaken. Gomez was sentenced after April 25, 2005 according to an advisory sentencing scheme, and, therefore, his sentence does not violate the rule in *Blakely* prohibiting a trial court from deviating from a presumptive sentence based upon facts not proven to a jury beyond a reasonable doubt. *See Rogers v. State*, 897 N.E.2d 955 (Ind. Ct. App. 2008) (murder defendant was sentenced under an advisory sentence scheme, not a scheme in which there was a presumptive sentence, and, therefore, his sentence could not have violated the rule in *Blakely*).

would slip one's consciousness but it strains credulity to suggest the latter would.

Appellant's Amended App. p. 8. We do not find Gomez's argument that the trial court should have determined his mental condition precluded him from realizing he was committing a crime in front of minor children to be convincing.

Furthermore, the trial court was only required to find one aggravating factor to enhance Gomez's sentence. *Duvall v. State*, 540 N.E.2d 34, 36 (Ind. 1989). At sentencing the trial court found two aggravating factors: 1) the fact that Gomez committed his crime in front of minor children, and 2) the facts and circumstances surrounding the offense, in particular Gomez's attempt to lie to the police by creating a version of events that took responsibility for the crime away from himself.[3] Therefore, even if the trial court had not considered the fact that Gomez committed his crime in front of minor children to be an aggravating factor, it could have enhanced his sentence based on the second aggravating factor, the facts and circumstances surrounding the crime. Therefore, Gomez's argument that the trial court erred in determining his sentence is without merit.

---

[3] Gomez argues that the trial court could not consider the facts and circumstances surrounding the offense as an aggravating factor because the trial court stated that it was not a statutory factor. Gomez is mistaken. The trial court may consider aggravating factors outside those listed in Indiana Code section 35-38-1-7.1. *See* I.C. § 35.38-1.7.1 ("The criteria listed in subsections (a) and (b) do not limit the matters that the court may consider in determining the sentence.").

[12] As we find that Gomez's argument is without merit, we cannot say that Gomez's appellate counsel was ineffective for failing to raise such an argument on direct appeal. Had appellate counsel challenged the aggravating factor on appeal, the argument would not have succeeded. Therefore, Gomez has failed to show either that appellate counsel performed deficiently or that he was prejudiced as a result.

[13] The judgment of the post-conviction court is affirmed.

Vaidik, C.J., and Riley, J., concur.