**Richard SMITH, Appellant
(Defendant below),**

v.

**STATE of Indiana, Appellee
(Plaintiff below).**

No. 49S00–9601–CR–81.

Supreme Court of Indiana.

Sept. 17, 1996.

Robert C. Perry, Indianapolis, for Appellant.

Pamela Carter, Attorney General, Rafal Ofierski, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Richard M. Smith appeals his sentence, contending that the trial court did not recognize an appropriate mitigating circumstance. We affirm.

After a trial before a Marion County jury, Smith stands convicted of dealing in cocaine, a class A felony, Ind.Code Ann. § 35–48–4–1 (West Supp.1996), and possession of cocaine, a class C felony, Ind.Code Ann. § 35–48–4–6 (West Supp.1996). The jury also found that he is an habitual offender. Ind.Code Ann. § 35–50–2–8 (West Supp.1996). The trial court sentenced him to twenty-five years for dealing and added thirty years for the habitual offender finding, noting Smith's lengthy criminal record stretching over a decade and a half. The court also imposed a four-year sentence for possession, to be served concurrently.

Smith has contended that he is mentally impaired as a result of brain damage caused by an automobile accident. He contends the trial court erred by not finding that this was a mitigating circumstance to be taken into account while imposing sentence.

The court ordered Smith examined for competency before trial. Two psychiatrists examined Smith and filed reports; each of them found that he was competent to stand trial. One of the doctors, Rodney Deaton, noted that Smith had been in a serious automobile accident in 1977, rendering him comatose for an extended period of time. Deaton said Smith has experienced some brain damage which may have contributed to his failure to learn from experience, exercise judgment, or control his actions. Smith says these statements by Deaton establish facts that should be regarded as mitigating circumstances.

As sometimes is the case, there was another side to Dr. Deaton's story. Deaton also said that appellant was "of sound mind," (R. at 40). He also said that Smith is "bright" and "understand[s] the difference between

right and wrong but rationalizes and denies behavioral problems." (R. at 41.)

While a trial court certainly must take into account any established mitigating circumstances, a court does not err in failing to find mitigation when a mitigation claim is "highly disputable in nature, weight, or significance." *Wilkins v. State,* 500 N.E.2d 747, 749 (Ind.1986). We conclude that Smith's claim of mental impairment was sufficiently debatable that the trial court did not err in declining to find mitigating circumstances.

Accordingly, we affirm the judgment of the trial court.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.