**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL D. DAGUE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1405-CR-208 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1310-FD-1131

**December 19, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Michael D. Dague appeals his sentence following his conviction for battery, as a Class D felony, after a jury trial. Dague raises two issues for our review:

1. Whether the trial court abused its discretion when it sentenced him.

2. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 13, 2013, Audrey Rose called the Fort Wayne Police Department and reported that she had been battered by Dague, her boyfriend. Upon arriving at Rose's apartment, officers observed that Rose's left eye was swollen and bruised. Rose alleged that Dague had struck her across the face with a sandal after he had accused her of having an affair with a neighbor. Officers subsequently arrested Dague, and a jury later found him guilty of battery, as a Class D felony.

At the ensuing sentencing hearing, Dague's counsel acknowledged that "[c]ertainly the aggravator here is prior criminal history and the fact that [Dague] was on probation at the time this offense . . . occurred." Sent. Tr. at 5. Dague's prior criminal history consists of two felonies and thirteen misdemeanors. Four of his prior convictions were battery offenses, three of which involved Rose. At the time of the instant offense, he was on probation in two different causes, at least one of which was for a prior battery of Rose.

Nonetheless, Dague argued that his employment history, his mental and emotional health issues, and his history of substance abuse were mitigating circumstances. He also

argued that a two-year executed sentence was an appropriate sentence. The trial court rejected Dague's proffered mitigators and ordered him to serve a three-year executed sentence, the maximum term for a Class D felony. This appeal ensued.

## DISCUSSION AND DECISION

### Issue One: Abuse of Discretion

Dague first argues that the trial court abused its discretion when it sentenced him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds on reh'g, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. Id.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law . . . .
>
> [However, b]ecause the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court cannot now be said to have abused its discretion in failing to "properly weigh" such factors.

Id. at 490-91.

Here, Dague asserts that the trial court abused its discretion when it refused to acknowledge his proffered mitigators. According to Dague, he had maintained full-time employment prior to this incident; he had significant mental and emotional struggles

3

following the death of his wife in 2008; instead of seeking counseling for these struggles, he turned to drugs and alcohol; and he has had substance-abuse issues throughout his life, but especially following his wife's death.

But it is well established that "[a] trial court does not err in failing to find mitigation when a mitigation claim is 'highly disputable in nature, weight, or significance.'" Rogers v. State, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007) (quoting Smith v. State, 670 N.E.2d 7, 8 (Ind. 1996)), trans. denied. Indeed, the trial court is under no obligation "to accept the defendant's arguments as to what constitutes a mitigating factor, and the court is not required to give the same weight to proffered mitigating factors as the defendant does." Id.

We reject Dague's argument that his proffered mitigating circumstances were both significant and clearly supported by the record. Rather, Dague's proffered mitigators were highly disputable in their nature, weight, or significance. As such, his argument on appeal is better characterized as a request for this court to reweigh his proffered mitigators, which we will not do. The trial court did not abuse its discretion when it rejected Dague's proffered mitigators.

**Issue Two: Appellate Rule 7(B)**

Dague also argues that his sentence is inappropriate in light of the nature of the offense and his character. Article 7, Sections 4 and 6 of the Indiana Constitution "authorize[] independent appellate review and revision of a sentence imposed by the trial court." Roush v. State, 875 N.E.2d 801, 812 (Ind. Ct. App. 2007) (alteration original). This appellate authority is implemented through Indiana Appellate Rule 7(B). Id.

4

Revision of a sentence under Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of the nature of his offense and his character. See Ind. Appellate Rule 7(B); Rutherford v. State, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We assess the trial court's recognition or non-recognition of aggravators and mitigators as an initial guide to determining whether the sentence imposed was inappropriate. Gibson v. State, 856 N.E.2d 142, 147 (Ind. Ct. App. 2006). However, "a defendant must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." Roush, 875 N.E.2d at 812 (alteration original).

Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222, 1224 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." Id. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." Id. at 1224.

Here, Dague first argues that the mitigating circumstances he proffered to the trial court should be considered with regard to his character. But, using the trial court's rejection of these proffered mitigators as our initial guide, along with the fact that the trial court's judgment must be given considerable deference, we are not persuaded by Dague's argument on appeal that these proffered mitigators justify a revision of his sentence. Dague has fifteen prior felony and misdemeanor convictions. Four of his prior convictions were battery offenses, three of which involved Rose. At the time of the

5

instant offense, he was on probation in two different causes, at least one of which was for a prior battery of Rose. His three-year sentence is not inappropriate in light of his character.

Dague also asserts that the nature of the offense demonstrates that his three-year sentence is inappropriate. In particular, Dague argues that he is not the "worst of the worst." Appellant's Br. at 13. But it is well established that the test for imposing the maximum sentence is not to compare facts of hypothetical cases but to focus on the facts of the instant case. See, e.g., Brown v. State, 760 N.E.2d 243, 248 (Ind. Ct. App. 2002). Here, while intoxicated, Dague accused Rose of having an affair with a neighbor and then struck her across the face with a sandal. And, again, this offense is Dague's fourth conviction for a battery against the same victim. His sentence is not inappropriate in light of the nature of the offense. We affirm Dague's sentence.

Affirmed.

MATHIAS, J., and BRADFORD, J., concur.