## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
Jun 17 2015, 8:23 am

**CLERK**
of the supreme court, court of appeals and tax court

---

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

Richard Dean Martin,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

June 17, 2015

Court of Appeals Case No.
10A01-1409-PC-419

Appeal from the Clark Circuit Court.
The Honorable Daniel E. Moore, Special Judge.
Cause No. 10C01-1306-PC-9

**Baker, Judge.**

[1] Richard Dean Martin appeals from the denial of his second petition for post-conviction relief. Martin makes a number of arguments, which we restate as follows: (1) the post-conviction court erroneously refused to vacate Martin's convictions based upon the trial judge's failure to recuse herself; and (2) the post-conviction court erred by finding that Martin did not receive the ineffective assistance of appellate counsel. Finding that one of Martin's sentences needs to be revised and finding no other error, we affirm and remand with instructions to revise Martin's sentence on Count III to a thirty-year term, to be served concurrently.

# Facts

[2] The facts underlying Martin's convictions were described by a panel of this Court as follows:

> In 2004, Martin began living with C.C. and her three children, which included eight-year-old S.G. Over the next three years, Martin repeatedly molested S.G. Two or three times per month, Martin would enter S.G.'s bedroom late at night and kiss S.G.'s breasts or vagina and rub his penis on her face, neck, shoulders, and vagina. Each molestation lasted about ten to fifteen minutes.

> Martin and C.C. ended their relationship in November of 2006, and in February of 2007, S.G. told her mother about the molestations. C.C. informed the Clark County Sheriff's Department, which, in turn, informed the Indiana Department of Child Services ("DCS"). The DCS sent investigator Chris Yarbrough to interview C.C., S.G., and Martin. Yarbrough informed Martin of S.G.'s allegations, and Martin's response "was very firm that [S.G.] doesn't lie." While Martin did not admit the allegations to Yarbrough, Martin did acknowledge to Yarbrough that S.G. had "hunched" on Martin's penis one night when he was in bed with her, and that that "activity went on for approximately one minute and he noted … that he probably could

have stopped that activity sooner than he did." Yarbrough made a report based on those interviews and submitted that report to the Clark County prosecutor.

*Martin v. State*, No. 10A01-0812-CR-568, slip op. at 1-2 (Ind. Ct. App. Aug. 20, 2009) (record citations omitted) ("*Martin I*").

[3] The State charged Martin with six counts of class A felony child molesting. Following a jury trial, the jury found Martin guilty as charged. The trial court held a sentencing hearing on September 24, 2008, at which it found the following aggravating circumstances:

- The harm suffered by the victim was significant and greater than the elements necessary to prove the commission of the offense;
- Martin's criminal history;
- The victim was under the age of twelve years old;
- Martin's offenses were crimes of violence;
- Martin was in a position of having care, custody, or control of the victim;
- Martin threatened to harm the victim if she told anyone what he had done.

The trial court found no mitigating circumstances. The trial court imposed concurrent fifty-year sentences on all six convictions, for an aggregate sentence of fifty years imprisonment.

[4] Martin appealed his convictions. On appeal, his attorney raised three issues of fundamental error: (1) the admission of evidence regarding uncharged acts of molestation against the victim; (2) the admission of the DCS investigator's testimony recounting Martin's statement that the victim did not lie; and (3) a jury instruction stating that the uncorroborated testimony of a victim was

sufficient to support a guilty verdict. This Court affirmed. *Martin I*, slip op. at 3-11.

[5] On February 26, 2010, Martin filed a petition for post-conviction relief, arguing that he had received the ineffective assistance of trial counsel and that there was insufficient evidence supporting his convictions. The post-conviction court denied Martin's petition. He appealed that ruling to this Court, and we affirmed. *Martin v. State*, No. 10A05-1110-PC-526 (Ind. Ct. App. June 1, 2012) ("*Martin II*").

[6] On March 29, 2013, Martin filed a motion for permission to file a successive petition for post-conviction relief, which was granted. On May 30, 2013, Martin filed his successive petition for post-conviction relief. In pertinent part, Martin raised the following issues in that petition:

- Martin was denied due process because he did not receive notice of DCS's substantiation of the molestation allegations.
- The trial judge should have recused herself from the case because of an attenuated familial relationship to the victim.
- Trial counsel was ineffective for (1) failing to raise a venue issue; (2) not impeaching the DCS investigator; (3) not raising a juror misconduct issue; and (4) not attacking some of the convictions on sufficiency.
- Appellate counsel was ineffective for (1) not raising a *Blakely*[1] sentencing argument with respect to some of his convictions; and (2) failing to make arguments related to aggravators and mitigators.

---

[1] *Blakely v. Washington*, 542 U.S. 296 (2004).

After filing the successive petition for post-conviction relief, Martin filed a motion for the trial judge to recuse herself, which she granted. At that point, Special Judge Moore was appointed.

[7] The successive post-conviction court held an evidentiary hearing on Martin's petition on June 30, 2014. On August 28, 2014, the post-conviction court granted Martin's petition in part and denied it in part. Specifically, the post-conviction court reduced two of Martin's convictions to their presumptive thirty-year terms based on a *Blakely* violation. The remainder of Martin's petition was denied. Martin now appeals.

## Discussion and Decision

[8] The general rules regarding the review of a ruling on a petition for post-conviction relief are well established:

> "The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Fisher v. State,* 810 N.E.2d 674, 679 (Ind. 2004). "When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment." *Id.* To prevail on appeal from the denial of post-conviction relief, a petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind. 1993). Further, the post-conviction court in this case made findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). Although we do not defer to the post-conviction court's legal conclusions, "[a] post-conviction court's findings and judgment will be reversed only upon a showing of clear error—that which leaves us with a definite and firm conviction that a mistake has been made." *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted).

*Hollowell v. State*, 19 N.E.3d 263, 268-69 (Ind. 2014).

# I. Recusal of Trial Judge

First, Martin contends that his conviction should have been vacated because the trial judge did not recuse herself until after he filed his successive petition for post-conviction relief. Judicial Conduct Rule 2.11(A) and Indiana Trial Rule 79(C) both require that a judge must recuse herself if she knows that the judge, the judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, is likely to be a material witness in pending litigation. "Third degree of relationship" is defined as "great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece." Ind. Judicial Conduct Terminology. If recusal is mandatory pursuant to these rules, and if recusal does not occur, then prejudice is presumed. *Patterson v. State*, 926 N.E.2d 90, 95 (Ind. Ct. App. 2010).

In this case, the trial judge has a stepsister, Christine Devereaux. In 2000, Devereaux married Dave Pinnick. Pinnick is the biological uncle of S.G., the victim in this case. In 2002—six years before Martin's trial—Devereaux and Pinnick divorced. Although the trial judge met Pinnick during his marriage to Devereaux, she never met any of his family, including S.G. It is undisputed that the trial judge was wholly unaware of her attenuated connection to S.G. until Martin filed his successive petition for post-conviction relief. Mandatory

recusal was not required, inasmuch as the relationship between the trial judge and S.G. did not qualify as a "third degree of relationship."

[11] In his reply brief, Martin concedes that mandatory recusal was not required. Instead, he argues that "[t]he only question is whether the subsequent discovery of the relationship creates the appearance of partiality." Reply Br. p. 4. In considering this claim, we turn to our Supreme Court's statements regarding the requirement of recusal:

> There is no question that a judge is required to disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. The Canon demands it. In addressing those concerns the issue has been cast as "whether an objective, disinterested observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt that justice would be done in the case." *Pepsico, Inc. v. McMillen,* 764 F.2d 458, 460 (7th Cir. 1985). As this court has recently stated, the issue "is not whether the judge personally believes himself or herself to be impartial, but whether a reasonable person aware of all the circumstances would question the judge's impartiality." *In re Morton,* 770 N.E.2d 827, 831 (Ind. 2002).

*In re Wilkins*, 780 N.E.2d 842, 845 (Ind. 2003).[2]

[12] Applying that test to the case before us, we cannot conclude that a reasonable person, aware of all the circumstances, would question the judge's impartiality. The degree of relationship—a niece of a man married to the judge's stepsister

---

[2] Martin concedes that recusal is not a viable remedy in this case, inasmuch as the trial judge was unaware of the salient facts until years after the trial had concluded. Instead, he suggests that the proper remedy for the alleged appearance of partiality would be to vacate his convictions and remand for retrial. We decline to do so.

for only two years, with the marriage ending six years before Martin's trial—is extraordinarily attenuated. Indeed, it was so attenuated that the trial judge *was not even aware of it*. The fact that the trial judge recused herself at Martin's request after he filed his successive petition for post-conviction relief does not affect our analysis. There is no evidence whatsoever tending to establish that this remote, past relationship in any way affected Martin's trial. No reasonable person would conclude otherwise. Consequently, we find no error on this basis.

## II. Assistance of Appellate Counsel

[13] Next, Martin argues that he received the ineffective assistance of appellate counsel.[3] The rules regarding such claims are well established:

> The standard of review for claims of ineffective assistance of appellate counsel is the same as for trial counsel in that the defendant must show appellate counsel was deficient in his or her performance and that the deficiency resulted in prejudice. When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Helton v. State*, 907 N.E.2d 1020, 1023 (Ind. 2009). To satisfy the first prong, "the defendant must show deficient performance: representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the 'counsel' guaranteed by the Sixth Amendment." *McCary v.*

---

[3] Martin did not raise this claim in his first petition for post-conviction relief. The State concedes that he has not waived the claim, however, because the attorney who represented him on direct appeal also represented him during his first petition for post-conviction relief. *See Spranger v. State*, 650 N.E.2d 1117, 1121 (Ind. 1995) (holding that waiver should not be applied "where the same attorney represents a defendant both at trial and on appeal and does not raise on appeal the issue of trial counsel ineffectiveness"). Therefore, we will address these arguments.

*State*, 761 N.E.2d 389, 392 (Ind. 2002) (citing *Strickland*, 466 U.S. at 687–88, 104 S.Ct. 2052). To satisfy the second prong, "the defendant must show prejudice: a reasonable probability (i.e. a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052).

*Hollowell*, 19 N.E.3d at 269.

## A. *Blakely v. Washington*

In 2004, the United States Supreme Court issued its decision in *Blakely*. Among other things, *Blakely* held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 542 U.S. at 301. Our Supreme Court found *Blakely* applicable to Indiana's sentencing scheme in March 2005. *Smylie v. State*, 823 N.E.2d 679, 690 (Ind. 2005). In response, our General Assembly amended Indiana's sentencing statutes with an effective date of April 25, 2005. Consequently, *Blakely* must be applied to offenses committed before April 25, 2005, and the amended advisory sentencing scheme is applied to offenses committed after that date. *Creekmore v. State*, 853 N.E.2d 523, 527-28 (Ind. Ct. App. 2006), *clarified on other grounds on reh'g*, *Creekmore v. State*, 858 N.E.2d 230 (Ind. Ct. App. 2006).

In this case, the trial court imposed enhanced fifty-year terms on Martin. It is undisputed that a jury was not convened for the purposes of determining aggravating circumstances. Therefore, for the offenses that occurred before April 25, 2005, the then-presumptive thirty-year term must be imposed. The

post-conviction court did just that for the first two counts. Martin argues that the same should be done for the third count.

[16] As is common in child molesting cases, the State elected to charge these offenses with general timeframes rather than specific dates. Therefore, Martin was charged and convicted of molesting S.G. in (I) the winter of 2004, (II) the fall of 2004, (III) the winter of 2005, (IV) March 2006, (V) the summer of 2006, and (VI) November 2006. Martin argues that Count III's "winter of 2005" is sufficiently ambiguous that it cannot be determined whether the acts occurred before or after April 25, 2005. We agree. And having reviewed the portions of the transcript available in the record, it is still unclear whether "winter of 2005" refers to January through March 2005, or December 2005. Inasmuch as this is a fundamental constitutional issue, we will err on the side of preserving Martin's rights. Consequently, we remand with instructions to revise Martin's sentence on Count III to be a thirty-year term, to be served concurrent with the remainder of his sentences.

## B. Aggravating and Mitigating Circumstances

[17] Martin argues that his appellate attorney was ineffective for failing to argue that the trial court erroneously found certain aggravators and failed to find his proffered mitigators. We review a trial court's sentencing decisions for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (Ind. 2007). A trial court can abuse its discretion, among other ways, by finding aggravators or mitigators that are not

supported by the record, omitting factors that are clearly supported by the record and advanced for consideration, and finding factors that are improper as a matter of law. *Id.* at 490.

## 1. Aggravators

Turning first to the aggravators, we note again that the trial court found six aggravating factors in this case:

- The harm suffered by the victim was significant and greater than the elements necessary to prove the commission of the offense;
- Martin's criminal history;
- The victim was under the age of twelve years old;
- Martin's offenses were crimes of violence;
- Martin was in a position of having care, custody, or control of the victim;
- Martin threatened to harm the victim if she told anyone what he had done.

Martin argues that the trial court abused its discretion by finding the first, second, and sixth aggravators. He implicitly concedes that the remaining aggravators were proper.

It is well established that a single aggravating factor may support the imposition of both an enhanced and consecutive sentence. *Field v. State*, 843 N.E.2d 1008, 1011 (Ind. Ct. App. 2006). In this case, even if we omit the three complained-of aggravators solely for argument's sake, there are still three aggravators remaining. And while all of Martin's sentences were enhanced, they were also ordered to be served concurrently rather than consecutively. In other words, he is serving a 50-year term instead of a 300-year term. In our view, the remaining

aggravators readily support the trial court's decision to impose enhanced, concurrent terms. Consequently, even if appellate counsel had raised this argument in Martin's direct appeal, it would not have succeeded; thus, he has failed to establish prejudice. We decline to find ineffective assistance on this basis.

## 2. Mitigators

[20] Next, Martin contends that his appellate attorney should have argued that the trial court erred by declining to find his proffered mitigating circumstances. Determining what is a proper mitigating circumstance is within the discretion of the trial court. *Rogers v. State*, 878 N.E.2d 269, 272 (Ind. Ct. App. 2007). An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* at 272-73. There is no error in failing to find mitigation when the mitigation claim is "'highly disputable in nature, weight, or significance.'" *Id.* at 272 (quoting *Smith v. State*, 670 N.E.2d 7, 8 (Ind. 1996)).

[21] Martin identifies three proffered mitigators for our review. First, he argues that the fact that he "was a law-abiding citizen for a substantial period of his life" should have been found to be mitigating. Appellant's Br. p. 28. We cannot

agree.[4] In 1996 and 1997, when Martin was approximately twenty years old, he was convicted of two separate felony theft charges. Martin was later charged with prostitution in Kentucky, though the charge was eventually dismissed, and has been arrested four times. He violated probation in 2001. He then began molesting S.G. in 2004 and continued to do so several times a month for the next two years. Martin was almost thirty-two years old at his sentencing hearing in this case. For much of the first decade of his adult life, therefore, Martin has had multiple contacts with law enforcement—which have not dissuaded his continued criminal activity. We find no error in the trial court's declination of this mitigator.

[22] Second, Martin contends that it should be mitigating that "the circumstances that led to the charge are unlikely to recur." *Id.* at 28-29. Martin essentially argues that because he is no longer in a romantic relationship with S.G.'s mother, the circumstances that led to the repeated molestations are unlikely to recur. The fact that he will no longer have an opportunity to molest S.G. does not mean that he will no longer have opportunities to molest other children. There is no basis in this record to conclude that the circumstances that led to Martin's convictions are unlikely to recur, and we find no error on this basis.

---

[4] The presentence investigation report was not provided to the successive post-conviction court and is not included in the record on appeal. In recounting Martin's criminal history, we rely on the transcript from the sentencing hearing.

[23] Third, Martin argues that the fact that he would respond positively to probation and that his character made him unlikely to commit crime in the future should have been mitigating. To the contrary, the record reveals that he has violated probation in the past. Martin directs us to evidence in the record indicating that he had the support of his family and community and that he had familial responsibilities that would prevent him from committing crimes in the future. While we applaud Martin for building a life and a positive community for himself, we cannot say that the trial court erred in declining to find this mitigator given Martin's prior probation violation and prior contacts with the criminal justice system that have not yet dissuaded him from continuing criminal activity. We find no error on this basis.

[24] Consequently, even if Martin's appellate attorney had raised these issues on direct appeal, the arguments would not have been successful, and he has failed to establish prejudice. The post-conviction court did not err by finding that Martin did not receive the ineffective assistance of appellate counsel.

[25] Martin raises two arguments for the first time on appeal: the first is that his appellate attorney should have made a sentencing argument pursuant to Indiana Appellate Rule 7(B) and the second is that appellate counsel should have raised a claim of prosecutorial misconduct. Martin did not make either of these arguments to the post-conviction court during the successive post-conviction relief proceedings. He did not include proposed findings of fact or conclusions of law on these issues when he submitted his proposed findings and conclusions to the post-conviction court. We can only conclude, therefore, that

he has waived these arguments. *Allen v. State*, 749 N.E.2d 1158, 1171 (Ind. 2001) (noting that it is well settled that issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal).

[26] The judgment of the post-conviction court is affirmed in part and remanded with instructions to revise Martin's sentence on Count III to a thirty-year term, to be served concurrently with the other sentences.

Najam, J., and Friedlander, J., concur.