## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 16 2016, 8:23 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Kimberly A. Jackson | Gregory F. Zoeller |
| Indianapolis, Indiana | Attorney General of Indiana |
| | Richard C. Webster |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert C. Summers, III, | February 16, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 11A05-1509-CR-1617 |
| v. | Appeal from the Clay Circuit Court. The Honorable Joseph D. Trout, Judge. |
| State of Indiana, | Cause No. 11C01-1508-F5-523 |
| *Appellee-Plaintiff.* | |

**Barteau, Senior Judge**

## Statement of the Case

Robert C. Summers III appeals the sentences imposed for his convictions of Level 5 felony burglary[1] and Class A misdemeanor theft.[2]  We affirm.

## Issues

Summers presents the following issues for our review:

I.    Whether the trial court abused its discretion in sentencing Summers; and

II.   Whether the sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Facts and Procedural History

Early in the morning of August 2, 2015, Summers broke into Mary Girton's garage intending to steal a four-wheeler ATV he had observed.  Summers pushed the ATV out of the garage and into the driveway where Girton confronted him.  She telephoned the Clay County Sheriff's Department informing dispatch of the situation and giving a description of Summers, who had abandoned the ATV and was fleeing the premises.  Deputy Eric Oberholtzer responded to the dispatch and observed a male matching Summers's description a short distance away from Girton's home.  After

---

[1] Ind. Code § 35-43-2-1 (2013).

[2] Ind. Code § 35-43-4-2 (2014).

Summers admitted he attempted to steal the ATV, Deputy Oberholtzer transported Summers to the Clay County jail.

[4] The State charged Summers with burglary, possession of paraphernalia, unauthorized entry of a motor vehicle, and theft. At the initial hearing, Summers, who was acting pro se, was advised of the charges and his rights. Summers acknowledged that he understood his rights and expressed his desire to plead guilty. The State indicated that it would not pursue convictions for possession of paraphernalia and unauthorized entry of a motor vehicle.

[5] The trial court advised Summers of the rights he would be waiving by pleading guilty and explained the crimes and possible penalties that could be imposed. A factual basis was established for Summers's guilty pleas to burglary and theft, and the trial court entered judgments of conviction on those counts. The State formally dismissed the remaining counts. Summers was then remanded to the Clay County jail pending the preparation of a pre-sentence investigation report.

[6] Summers appeared pro se at his sentencing hearing, during which the details of Summers's pre-sentence report were discussed. Corrections were made to the report regarding the accurate age of Summers's child, who was just five weeks old. Summers did not have regular contact with the child, had not established paternity of him, and had not been ordered to pay child support. The investigator found Summers to be a very high risk to reoffend. The emotional impact of the crimes on Girton were also considered, as was Summers's lack of criminal history, and his explanation of his behavior leading up to the crimes.

[7]    The trial court sentenced Summers to the advisory sentence for Level 5 felony burglary, three years. Ind. Code § 35-50-2-6(b) (2014). He received a concurrent sentence of one year for his theft conviction. Ind. Code § 35-50-3-2 (1977). Summers now appeals the trial court's sentencing order.

## Discussion and Decision

[8]    Summers appeared pro se at his sentencing hearing. As such, he made no formal offer of mitigating circumstances. He later obtained counsel who presented arguments in his favor on his motion to correct error, which the trial court denied. The issues are presented on that procedural background.

[9]    While sentencing Summers, the trial court found the only mitigating factor was Summers's lack of criminal history. The only aggravating circumstance was the emotional harm to the victim, which was above that necessary to prove the elements of the crimes. The trial court found the aggravator and mitigator to be in equipoise and sentenced Summers to the advisory sentence for his burglary conviction and a concurrent sentence of one year for his theft conviction. Each of his arguments attack the propriety of the sentence.

## I.  Abuse of Discretion

[10]    Trial courts are required to enter sentencing statements when imposing a sentence for a felony conviction. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. A trial court's sentencing decisions are left to the sound discretion of the trial court. *Id.* "With the exception of our authority to review sentences under Indiana Appellate Rule 7(B), as long as a

defendant's sentence is within the statutory range, it is reviewed only for an abuse of discretion." *Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012), *trans. denied*. "Circumstances under which a trial court may be found to have abused its discretion include: (1) failing to enter a sentencing statement; (2) entering a sentencing statement that includes reasons not supported by the record; (3) entering a sentencing statement that omits reasons clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law." *Id.* But where a trial court has identified proper aggravating and/or mitigating circumstances, the relative weight assigned to those properly found circumstances or those which should have been found is not subject to review for an abuse of discretion. *Id.*

[11] Summers argues that the trial court improperly found victim impact as an aggravating circumstance. Victim impact can be an improper aggravator where there is nothing in the record to indicate that the impact was different than the impact generally experienced by victims of the same crime. *McElroy v. State*, 865 N.E.2d 584, 590 (Ind. 2007).

[12] The trial court observed that Girton, who had lived in her home for forty-eight years without fear, possessing a sense of safety in her neighborhood, now looked around her to ensure she would not find someone in her yard or buildings. Although most victims of this crime might share Girton's concern and fear about finding a stranger on her premises again, the trial court identified additional components of impact not generally experienced by victims of that crime. Girton had never feared the dark, but was apprehensive about venturing

out at all after dark. She informed the court that Summers had taken her sense of safety. The trial court characterized the particular impact of the crimes on Girton as experiencing emotional turmoil above the elements necessary to establish the offenses. We find no abuse of discretion in finding this aggravator.

[13] Next, Summers claims that the trial court abused its discretion by failing to find certain mitigating circumstances. "Although a sentencing court must consider all evidence of mitigating circumstances offered by the defendant, the finding of a mitigating factor rests within the trial court's discretion." *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). "A court does not err in failing to find mitigation when a mitigation claim is 'highly disputable in nature, weight, or significance.'" *Smith v. State*, 670 N.E.2d 7, 8 (Ind. 1996) (quoting *Wilkins v. State*, 500 N.E.2d 747, 749 (Ind. 1986)). "While a failure to find mitigating circumstances clearly supported by the record may imply that the sentencing court improperly overlooked them, the court is obligated neither to credit mitigating circumstances in the same manner as would the defendant, nor to explain why he or she has chosen not to find mitigating circumstances." *Henderson*, 769 N.E.2d at 179.

[14] Summers contends that the trial court abused its discretion by failing to mention or find his guilty plea as a mitigating factor. We have long held that a defendant who pleads guilty deserves some mitigating weight to be given in return for the plea. *McElroy*, 865 N.E.2d at 591. However, a guilty plea does not automatically amount to a significant mitigating factor. *See Sensback v. State*, 720 N.E.2d 1160, 1165 n.4 (Ind. 1999) (plea saved court time, but family

contributed detailed letters for pre-sentence investigation report and three testified at sentencing hearing, thus still traumatized to certain extent in spite of plea). We have observed that "a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*.

[15] We acknowledge the benefit the State received from Summers's guilty plea at his initial hearing. However, the evidence against him was overwhelming, so much so that his decision was more likely a pragmatic one. Summers was confronted by the homeowner after he had entered her garage early one morning and attempted to steal her ATV. Summers abandoned that enterprise when he observed Girton on the telephone with law enforcement. Girton gave the officers Summers's description and the direction in which he was traveling—through her yard and into the woods behind her house.

[16] Deputy Oberholtzer encountered Summers not far from Girton's home in the direction Girton had seen him heading. Summers walked out from the side of a residential yard onto the road. The officer observed that Summers was sweating profusely, his shoes and shorts were wet, and he had pieces of grass stuck to his clothing as if he had walked through tall grass or weeds. Summers initially denied being involved in the crimes, but ultimately admitted that he tried to steal Girton's ATV.

[17] An inventory of Summers's backpack revealed a large black knife with a blade approximately seven inches in length inside a black sheath. The backpack also contained a small silver pry bar with electrical tape around the handle. A glass smoking device wrapped inside a white cloth was located in a small inside pocket. Deputy Oberholtzer also found two sets of keys—one appearing to be keys to a vehicle, and the other containing approximately twenty keys containing Honda ATV or motorcycle keys.

[18] The evidence against Summers was so compelling we find no abuse of discretion for failing to find his guilty plea to be of significant mitigation.

[19] Summers also argues the trial court abused its discretion by failing to find Summers's remorse as a mitigating factor. A trial court's determination of remorse as a mitigating factor is similar to a determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). "Without evidence of some impermissible consideration by the trial court, we will accept its determination as to remorse." *Johnson v. State*, 855 N.E.2d 1014, 1016-17 (Ind. Ct. App. 2006), *trans. denied*.

[20] At sentencing, Summers acknowledged his regret about poor decisions he had made in the past and expressed his desire to turn his life around for his newborn child. The first reference to remorse for the trauma he caused Girton came in a letter attached to the pre-sentence investigation report and then later in a letter to the court. The issue was first raised in Summers's motion to correct error.

A trial court is not obligated to accept a defendant's alleged remorse as a mitigating circumstance. *Phelps v. State*, 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012). Having observed the defendant, the trial court has the ability to determine whether a defendant's remorse is genuine. *Id.* Accordingly, substantial deference must be given to the trial court's evaluation of a defendant's remorse. *Id.* We find no abuse of discretion in the trial court's treatment of Summers's expression of remorse.

He also claims that the trial court abused its discretion by failing to consider that his incarceration would result in undue hardship on his newborn child. A trial court is not required to find that a defendant's incarceration would result in undue hardship upon his dependents. *Gray v. State*, 790 N.E.2d 174, 178 (Ind. Ct. App. 2003).

The record reveals that at the time of sentencing Summers's newborn child was slightly over eight weeks old. Summers had not yet established paternity and was not under a court order to support the child. The child lived with his mother in part because Summers was homeless. We find no abuse of discretion in the trial court's decision not to accept this proffered mitigating factor.

## II. Inappropriate Sentence

Summers also claims that his sentence is inappropriate and seeks review under Indiana Appellate Rule 7(B). Under that review, relief is available if "after due consideration of the trial court's decision, the Court finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B).

[25] The question under Appellate Rule 7(B) review is "not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). "We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record." *Johnson v. State*, 986 N.E.2d 852, 856 (Ind. Ct. App. 2013). The appellant bears the burden of demonstrating to us that his sentence is inappropriate. *Id.*

[26] "When considering the nature of the offense, the advisory sentence is the starting point to determine the appropriateness of a sentence." *Id.* "One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the 'typical' offense accounted for by the legislature when it set the advisory sentence." *Holloway v. State*, 950 N.E.2d 803, 806-07 (Ind. Ct. App. 2011).

[27] When reviewing the sentence with respect to the character of the offender, we engage in a broad consideration of a defendant's qualities. *Aslinger v. State*, 2 N.E.3d 84, 95 (Ind. Ct. App. 2014), *clarified on other grounds on reh'g*, 11 N.E.3d 571.

[28] Here, we find nothing less egregious about the nature of this offense that makes it different from the type of offense envisioned by the legislature as deserving an

advisory sentence. As for the character of the offender, we recognize that Summers pleaded guilty to the offenses at the earliest opportunity without the benefit of a plea or the assistance of counsel. However, lacking a criminal history reduced to conviction, Summers began experimenting with alcohol and drugs at the age of thirteen, and admitted that he was under the influence of methamphetamine and marijuana at the time of the offense, an offense he committed because his feet hurt from walking. Summers's upbringing was not idyllic; both parents suffered from substance abuse issues. However, Summers chose to abuse substances himself, losing several jobs due to his drug abuse, and in part resulting in his homelessness and lack of job. Summers has not met his burden of persuading us that his advisory sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

[29] In light of the foregoing, we affirm Summers's sentence.

[30] Affirmed.

Robb, J., and Mathias, J., concur.