## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 16 2016, 7:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

William Wilbert Ward-Bey,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 16, 2016

Court of Appeals Case No.
45A05-1602-CR-266

Appeal from the Lake Superior Court

The Honorable Salvador Vasquez, Judge

Trial Court Cause No.
45G01-1312-FB-126

**Bailey, Judge.**

# Case Summary

William Ward-Bey ("Ward-Bey") pled guilty to Robbery, as a Class C felony.[1] He now appeals his five-year sentence. We affirm.

# Issues

Ward-Bey raises two issues for review:

I.  Whether the trial court abused its discretion in sentencing; and

II. Whether Ward-Bey's five-year sentence is inappropriate.

# Facts and Procedural History

On December 15, 2013, Ward-Bey and Marcus Ervin ("Ervin") entered the Portillo's restaurant in Merrillville, Indiana, pretending to be deliverymen. While acting in concert, Ward-Bey and Ervin demanded the safe combination from the store manager, then took approximately $3,500.00 in cash as well as the store's panic button. A short distance away, Ward-Bey was apprehended with the cash and panic button.

---

[1] Ind. Code § 35-42-5-1(1) (2013). Indiana's criminal statutes were revised in 2013; we refer to the substantive provisions of the Indiana Code in effect at the time of and applicable to Ward-Bey's offenses.

[4]    On December 16, 2013, the State charged Ward-Bey with one count of Class B felony armed robbery,[2] one count of Class B felony robbery resulting in a bodily injury,[3] three counts of Class B felony criminal confinement,[4] and three counts of Class C felony criminal confinement.[5] The State filed an amended information on February 7, 2014, which set forth no new counts.

[5]    On July 29, 2015, the State filed a second amended information, adding a count of Class C felony robbery.[6] The same day, Ward-Bey and the State entered into a plea agreement whereby Ward-Bey would plead guilty to the Class C felony robbery count and, at the time of sentencing, the State would move to dismiss the remaining eight counts. Under the plea agreement, Ward-Bey and the State could fully argue an appropriate sentence to the court. The trial court held the acceptance of plea and sentencing hearing on January 5, 2016.

[6]    Following argument at the January 5 hearing, the trial court accepted Ward-Bey's plea of guilty and sentenced him to the Department of Correction for a term of five years.

[7]    Ward-Bey now appeals his sentence.

---

[2] I.C. § 35-42-5-1(1).

[3] I.C. § 35-42-5-1(1).

[4] I.C. §§ 35-42-3-3(a)(1), 35-42-3-3(b)(2)(A).

[5] I.C. §§ 35-42-3-1-(a)(1), 35-42-3-3(b)(1)(C).

[6] I.C. § 35-42-5-1(1).

# Discussion and Decision

## Abuse of Discretion

[8] Ward-Bey argues that the trial court abused its discretion in sentencing him to five years of incarceration. Ward-Bey first argues that the trial court issued an inadequate sentencing statement. Ward-Bey next argues that the trial court failed to consider certain mitigating factors. Chiefly, Ward-Bey advances that the trial court should have considered his remorse and guilty plea, although Ward-Bey also cursorily asserts that his stated acceptance of responsibility and participation in a medical research study warranted additional consideration.

[9] Pursuant to Indiana Code Section 35-50-2-6(a), a person convicted of a Class C felony shall receive a term of imprisonment of between two years and eight years, with four years being the advisory sentence. The trial court sentenced Ward-Bey to five years, within the statutory range. "So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on other grounds*, 875 N.E.2d 218 (Ind. 2007).

[10] A trial court abuses its discretion if its sentencing decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* In sentencing a defendant, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." *Anglemyer*, 868 N.E.2d at 491. Where, as here, a defendant alleges

that the trial court failed to identify or find a mitigating factor, the defendant must establish that the mitigating evidence is both significant and clearly supported by the record. *Id.* at 493. However, the trial court is not obligated to explain why it did not find a particular circumstance to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001).

[11] Here, in its sentencing colloquy, the trial court recounted Ward-Bey's significant criminal history, containing seven prior adult felony convictions. Among Ward-Bey's prior felony convictions are two burglary convictions and a conviction for murder in perpetration of robbery. The trial court stated that an eight-year-sentence—the statutory maximum—was potentially warranted, given Ward-Bey's extensive criminal history. However, upon reviewing the circumstances, the trial court orally observed that it was reducing Ward-Bey's sentence from that potentially warranted eight-year sentence down to five years, due to Ward-Bey's medical conditions. Ward-Bey admits that the trial court acknowledged his medical conditions in its sentencing colloquy, but takes issue with the trial court's written order, which does not list any mitigating factors but does contain four aggravating factors: (1) that Ward-Bey was on parole when the offense occurred; (2) Ward-Bey's criminal history; (3) that Ward-Bey was in need of correctional treatment; and (4) that Ward-Bey was dishonest. Ultimately, Ward-Bey contends that the written order is in conflict with the trial court's oral sentencing statements, and invites us to remand.

[12] We could remand this cause to the trial court for clarification of whether it found Ward-Bey's poor health to be a significant mitigating factor. *See McElroy*

*v. State*, 865 N.E.2d 584, 591 (Ind. 2007). We decline to do so, however, because any error here is harmless. Ind. Trial Rule 61; *McElroy v. State*, 865 N.E.2d at 591. In its oral sentencing order where the trial court found this mitigating factor, Ward-Bey received a sentence of five years. In the subsequent written statement that did not mention this mitigating factor, Ward-Bey received precisely this same sentence.

[13] Ward-Bey also contends that the trial court should have recognized his remorse and guilty plea as significant mitigating factors. With respect to remorse, the Indiana Supreme Court has held that a trial court's determination of a defendant's remorse is similar to a determination of credibility. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). Accordingly, without evidence of some impermissible consideration by the trial court, a reviewing court will accept the trial court's determination as to remorse. *See id.* We find no impermissible considerations and thus no error.

[14] As to Ward-Bey's guilty plea, although a trial court should be "inherently aware of the fact that a guilty plea is a mitigating circumstance," a guilty plea is not always a significant mitigating circumstance. *Francis v. State*, 817 N.E.2d 235, 237 nn.2-3 (Ind. 2004). Indeed, "a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea." *Anglemyer*, 875 N.E.2d at 221 (citing *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999)). Here, in exchange for his guilty plea, the State moved to dismiss eight of Ward-Bey's charges, including five Class B felony charges.

Accordingly, Ward-Bey faced a potential sentence between two and eight years rather than between six and twenty years. I.C. §§ 35-50-2-5, 35-50-2-6. Thus, Ward-Bey's decision to plead guilty could reasonably be considered pragmatic.

[15] Turning to Ward-Bey's other cursorily argued-for mitigating factors, the trial court did not abuse its discretion in failing to find mitigation due to Ward-Bey's stated acceptance of responsibility and participation in a medical research study. With respect to Ward-Bey's proffered acceptance of responsibility, the trial court observed in its written order that Ward-Bey was dishonest, diminishing the significance of any acceptance of responsibility on the record. As to Ward-Bey's participation in a medical research study that could benefit others, "[a] court does not err in failing to find mitigation when a mitigation claim is 'highly disputable in nature, weight, or significance.'" *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002) (quoting *Smith v. State*, 670 N.E.2d 7, 8 (Ind. 1996)). Although the study could benefit other similarly-situated patients, Ward-Bey acknowledged that he also could benefit from his participation.

[16] In sum, we find nothing in the record that leads us to conclude that the trial court abused its sentencing discretion.

# Appropriateness of Sentence

[17] Ward-Bey was sentenced to five years, which is within the statutory range set forth in Indiana Code Section 35-50-2-6(a). Under Indiana Appellate Rule 7(B), this "Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is

inappropriate in light of the nature of the offense and the character of the offender." In performing our review, we assess "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The primary purpose of such review is to attempt to leaven the outliers. *Id.* at 1225. A defendant "'must persuade the appellate court that his or her sentence has met th[e] inappropriateness standard of review." *Anglemyer*, 868 N.E.2d at 494 (quoting *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

[18] Under the stipulated facts, the nature of the offense is not particularly egregious, although Ward-Bey did work in concert with Ervin to commit the crime. As to the character of the offender, Ward-Bey has seven prior felony convictions as an adult. Moreover, Ward-Bey was on parole at the time he committed the present offense.

[19] Having reviewed the matter, we conclude that Ward-Bey's sentence was not inappropriate under Appellate Rule 7(B). Accordingly, we decline to disturb the sentence imposed by the trial court.

# Conclusion

[20] Ward-Bey has not shown that the trial court abused its sentencing discretion or that his sentence is inappropriate.

[21] Affirmed.

Riley, J., and Barnes, J., concur.